(118 App. Div. 20)

BELLOFF et al. v. DIME SAVINGS BANK OF WILLIAMSBURGH.

(Supreme Court, Appellate Division, Second Department.     March 22, 1907.)

PAYMENT—RECOVERY BACK—MISTAKE OF LAW.

> Where, after the making of a will devising all of testator's property to his wife, a child was born, and the widow assumed to convey certain real estate owned by the testator, which after mesne conveyances the then assumed owner mortgaged to defendant, and thereafter conveyed to plain-tiffs, who paid the mortgage, plaintiffs were not entitled to recover the amount so paid, upon the ground of mistaken belief that their deed con-veyed title in fee to the premises, and that the mortgage was a valid lien thereon; the mistake having been as to a matter of law.
>
> [Ed. Note.—For cases in point, see Cent. Dig. vol. 39, Payment, §§ 267–271.]

Rich, J., dissenting.

Appeal from Trial Term, Kings County.

Action by Conrad Belloff and another against the Dime Savings Bank of Williamsburgh. From a judgment for plaintiffs, defendant appeals. Reversed.

Argued before JENKS, HOOKER, GAYNOR, RICH, and MIL-LER, JJ.

Otto F. Struse, for appellant.

James Troy (Thomas H. Troy, on the brief), for respondents.

MILLER, J. This action is to recover moneys alleged to have been paid under a mistake of fact. Plaintiffs had judgment, and the defendant appeals.

One William Barnes died July 2, 1885, leaving a last will and testament purporting to bequeath and devise all of his property to his wife. A child was born after the making of the will, which fact is shown by the record of the proceedings admitting the will to pro-bate. The widow, apparently assuming that the devise to her was not affected by the subsequent birth of the child, assumed to convey cer-

tain real property owned by the testator. In 1901, Stephen Burkhard, assuming to have title to the premises so conveyed through attempted mesne conveyances, executed a mortgage thereon to the defendant to secure the payment of his bond for the sum of $5,000, and thereafter by warranty deed assumed to convey the property to the plaintiffs, who paid the mortgage on July 2, 1902, and now claim that said payment was made under a mistake of fact. The plaintiff Conrad Belloff testified to the mistaken belief on his part that Burkhard's deed conveyed title in fee to the premises, and that the mortgage was a valid lien thereon, and this is the mistake found by the court and relied on to support the judgment. The widow of William Barnes is still alive. It is conceded that the defendant acted in entire good faith.

The legal effect of the deed to the plaintiffs was not a question of fact, and there is neither testimony nor finding that the plaintiffs were ignorant of or mistaken respecting any of the facts involved in the determination of the question of law. The deeds were not wholly invalid, as they operated to assign the widow's dower interest. Mutual Life Ins. Co. v. Shipman, 119 N. Y. 324, 24 N. E. 177. The action for dower was not barred (section 1596, Code Civ. Proc.) when the mortgage was paid, and the persons paying the mortgage were entitled to be subrogated to the equitable rights of the mortgagee (Everson v. McMullen, 113 N. Y. 293, 21 N. E. 52, 4 L. R. A. 118, 10 Am. St. Rep. 445). None of the cases relied upon by the respondents are in point. They may be grouped under three heads: (a) payments induced by fraudulent misrepresentations (it is conceded that there was no fraud); (b) payments made under coercion either in fact or in law (the payment was not involuntary merely because it was demanded); (c) payments made under a mistake of fact (the error was a mistake of law). The familiar rule is not questioned that money paid upon a claim of right cannot be recovered back merely because the payor mistook the law. Brisbane v. Dacers, 5 Taunton, 143; Clarke v. Dutcher, 9 Cow. 674; Mowatt v. Wright, 1 Wend. 356, 19 Am. Dec. 508; Champlin v. Laytin, 6 Paige, 189, 18 Wend. 407, 31 Am. Dec. 382; Silliman v. Wing, 7 Hill, 159; Supervisors v. Briggs, 2 Denio, 26; N. Y. & H. R. R. Co. v. Marsh, 12 N. Y. 308; Phelps v. Mayor, 112 N. Y. 216, 19 N. E. 408, 2 L. R. A. 626; Pooley v. City of Buffalo, 122 N. Y. 592, 26 N. E. 16; Redmond v. Mayor, 125 N. Y. 632, 26 N. E. 727.

The question whether the plaintiffs could plead ignorance of facts appearing of record in their chain of title or discoverable upon such inquiry as the record would suggest (Moot v. Business Men's Investment Association, 157 N. Y. 201, 52 N. E. 1, 45 L. R. A. 666) is not now before the court, nor is it necessary to determine how that question would be affected by the fact that, since the payment of the mortgage, the situation of the parties has changed, because of the running of the statute of limitations against the action for dower. See Kingston Bank v. Eltinge, 40 N. Y. 391, 100 Am. Dec. 516; N. Bank of C. in N. Y. v. N. M. Bank of A. of N. Y., 55 N. Y. 211, 14 Am. Rep. 232; Mayer v. Mayor, 63 N. Y. 455; Curnen v. Mayor, 79 N. Y. 511; Corn Exchange Bank v. Nassau Bank, 91 N. Y. 74,

43 Am. Rep. 655; Hathaway v. County of Delaware, 185 N. Y. 368, 78 N. E. 153. The court has not been aided by counsel on these questions, and we may well postpone their consideration until a record is presented requiring it.

The judgment must be reversed.

Judgment reversed, and new trial granted, costs to abide the event. All concur, except RICH, J., who dissents.