## TORRETTO v. MUTUAL AID SOCIETY OF CAMPOFIORITO.

(Supreme Court, Appellate Term. May 7, 1909.)

PAYMENT (§ 82*)—RECOVERY—VOLUNTARY PAYMENT.

Where the treasurer of a society, on settling his accounts, was asked for and paid interest on the funds in his possession, he was not, in the absence of duress, mutual mistake of fact, or false statements made to induce the payment, entitled to recover the same.

[Ed. Note.—For other cases, see Payment, Dec. Dig. § 82.*]

Appeal from Municipal Court, Borough of Manhattan, Second District.

Action by Antonio Torretto against the Mutual Aid Society of Campofiorito. From a judgment for plaintiff, defendant appeals. Reversed, and new trial ordered.

Argued before GILDERSLEEVE, P. J., and DAYTON and GOFF, JJ.

Giuseppe L. Maggio, for appellant.

P. Francis Marro, for respondent.

GILDERSLEEVE, P. J. The plaintiff was the treasurer of the defendant from some time in 1904 until August, 1907, when he resigned. When his accounts were made up, the secretary asked the plain-

tiff for the interest on the money deposited by the plaintiff belonging to the society for the time plaintiff had been its treasurer. Plaintiff testifies that in the year 1906 "there was no interest, because the bank did not give me any, and in 1907 there was no interest." The following questions were then asked, and answers given:

"Q. Did the society demand that you pay any interest? A. Yes; the society asked me to pay that interest. Q. Did you pay it? A. I paid it, and now I want it."

The foregoing is the basis of plaintiff's claim. The amount sued for, and for which he got judgment, was $23. It is not claimed that the plaintiff paid the money under duress, or that he and the defendant were laboring under any mutual mistake of fact; nor were any false statements made to him to induce such payments. The society simply asked the plaintiff for the interest for a time during which the plaintiff now claims he received none, and that fact he knew when he was asked to pay. Nevertheless he voluntarily and with full knowledge of all the facts paid the same. Under such circumstances he has no redress. Belloff v. Dime Savings Bank, 118 App. Div. 20, 103 N. Y. Supp. 273. There is no foundation for the judgment, and it must be reversed.

Judgment reversed, and new trial ordered, with costs to appellant to abide the event. All concur.