DANIEL F. PAYNE, Appellant, *v.* WITHERBEE, SHERMAN & COMPANY, Respondent.

*Payne* v. *Witherbee, Sherman & Co.,* 132 App. Div. 579, modified. (Argued December 8, 1910; decided January 10, 1911.)

APPEAL from a judgment of the Appellate Division of the Supreme Court in the third judicial department, entered May 11, 1909, affirming a judgment in favor of defendant entered upon a decision of the court on trial at Special Term, dismiss-

ing the complaint upon the merits and directing judgment for defendant on its counterclaim.

*Francis A. Smith* for appellant.

*Edward T. Stokes* for respondent.

COLLIN, J.   The action is to recover the sum of $1,461.84 as a balance due for electrical power furnished the defendant, a domestic corporation, by plaintiff, between January and June, 1907, and for the construction of the contract upon which the action is brought.   The defendant denied its liability, and alleged as a counterclaim an overpayment by it to plaintiff during the year 1906, through a mistake of fact, of the sum of $3,646.23.   The rights and liabilities of the parties spring from a contract dated March 22, 1905, which obligated the plaintiff to deliver to defendant, through the succeeding ten years, electrical power of a designated voltage and power and the defendant to receive and pay therefor, as provided in the contract.   The findings of the trial court, which, under the unanimous affirmance of the Appellate Division, are the sole source of our knowledge of the facts, are, in so far as a present statement of them is required :   The said contract, after reciting the execution of a prior contract of March 23, 1904, provided that the power was to be delivered by plaintiff in a minimum quantity of three hundred and fifty horse power, and a maximum quantity of seven hundred and fifty horse power, at least twelve hours per day, and for twenty-four hours per day if required by defendant, during each and every of the three hundred and sixty-five days in the year, except that during at least one day in each week, which day should be Sunday, plaintiff should be required to deliver such power only for the minimum time of twelve hours; in case the defendant should not require power during the entire twenty-four hours per day, the plaintiff should furnish the power during the twelve hours thereof designated by defendant; the defendant to pay the plaintiff twenty dollars per horse power per year of three hundred and sixty-five days of twelve hours each, and at the same rate for each and every hour per day in excess of said twelve hours; the contract of

March 23, 1904, contained identical agreements except as to the quantity of power to be furnished; from October 22, 1904, to January 1, 1907, one Lamborn was defendant's electrician, empowered by defendant to measure the amount of electric power furnished under the contract and compute the amount of the payments to be made the plaintiff therefor; Lamborn made such measurements, and from month to month made the computations in accord with which the defendant paid, and which were fixed upon the basis of twenty dollars per horse power per year of three hundred and forty days of ten hours each; prior to January 1, 1907, the defendant did not accept the minimum amount of power mentioned in the contracts during twelve consecutive hours per day, but only during five out of six consecutive hours per day; there is no dispute as to the quantity of power furnished and received, and defendant has accepted at least the minimum power prescribed by the contract; the defendant has fully paid the plaintiff for all power furnished and received. Conclusions of law are, that the contract was not ambiguous and had the certain meaning that the plaintiff "will furnish electrical power at the rate of twenty dollars per horse power per year of 365 days of 12 hours each," and the complaint should be dismissed upon the merits. The contention of the plaintiff, urged under his exceptions, is based upon his construction of the provisions of the contract. He seeks a construction which enables him to recover, and obligates the defendant to pay twenty dollars for each horse power of power delivered through a period of three hundred and forty days of ten hours each. He bases his demand upon a ground having two phases, the one, that inasmuch as the contract provided that during one-half day of twelve hours in each week in three hundred and sixty-five days, the plaintiff should not be required to furnish power, that is to say, fifty-two one-half days of twelve hours each or twenty-six days of twelve hours each, there should be deducted from the three hundred and sixty-five days of twelve hours each twenty-six days of twelve hours each, leaving three hundred and thirty-nine days or three hundred and forty days, as plaintiff's counsel states it, of twelve hours each as the

year contemplated by the contract; or, in other words, defendant agreed to pay twenty dollars per horse power of power delivered through three hundred and forty days of twelve hours each; the *second*, that the defendant was bound to receive at least the minimum quantity of power through twelve *consecutive* hours of each day and plaintiff was entitled to be paid for twelve hours although the defendant took the power for only ten hours. His ultimate contention, therefore, is that defendant agreed to pay twenty dollars per horse power of power delivered through three hundred and forty days of ten hours each. The defendant, under the computations of Lamborn, paid upon this basis for the power delivered by the plaintiff prior to January 1, 1907. Defendant contends that the twelve hours per day, during which at least defendant must accept so much as the minimum quantity of power, might be interrupted and incontinuous hours; and defendant agreed to pay twenty dollars per horse power per year of three hundred and sixty-five days of twelve hours each. Upon this basis the defendant paid, without prejudice to the rights of plaintiff, for the power delivered between January and June, 1907.

The language of the contract refutes the arguments of plaintiff's counsel. Its meaning is so clear and certain that it would be difficult to make it, by other phraseology, more intelligible or unequivocal. The meaning given it by the trial court is too plainly right to permit useful discussion. Without expressing an opinion as to the effect, if any, of the acts of defendant's agent, Lamborn, upon the rights and liabilities of the parties prior to January, 1907, it may be said that he was not empowered to change the agreement or make a new agreement, or by an erroneous construction bind the defendant after it had discovered the error. The trial court, therefore, did not err in dismissing the complaint upon the merits. There was error, however, in awarding, under the facts found, the defendant judgment upon its counterclaim. Further findings of fact are: "That during the year 1906 the power furnished by the plaintiff, and received by the defendant, at the agreed price under the contract, amounted to the sum of $12,650.88, and that the defendant paid the plaintiff for the

said power the sum of $16,297.11, an overpayment of $3,646.23. 10th. That said overpayment was made by mistake." No other finding amplifies or supplements the tenth finding. A conclusion of law is that the defendant is entitled to an affirmative judgment against the plaintiff for the sum of $3,646.23, together with interest. The facts found are insufficient to sustain this conclusion of law and the judgment entered in accordance therewith. The overpayment was voluntary and cannot be recovered by defendant unless made under a misapprehension or mistake of fact. The courts do not undertake to relieve parties of the results of their acts fairly done on a full knowledge of the facts, though under a mistake of the law. The doctrine is well settled, in this country, that a voluntary payment, where there is no mistake of fact although made under a mistake, cannot be revoked. (*Mowatt* v. *Wright*, 1 Wend. 355 ; *Newburgh Sav. Bank* v. *Town of Woodbury*, 173 N. Y. 55 ; *Redmond* v. *Mayor, etc.,* *of N. Y.*, 125 N. Y. 632 ; *Belloff* v. *Dime Savings Bank,* 118 App. Div. 20 ; *Flynn* v. *Hurd,* 118 N. Y. 19 ; *Hathaway* v. *County of Delaware,* 185 N. Y. 368.) The rule is applicable to corporations. (*N. Y. & H. R. R. Co.* v. *Marsh*, 12 N. Y. 308 ; *Railway Co.* v. *Iron Co.*, 46 Ohio St. 44.) The fact that defendant paid the excess by mistake did not entitle it to a recovery.

The judgment appealed from, in so far as it affirmed the judgment that the complaint of the plaintiff be dismissed upon the merits, should be affirmed, and in so far as it affirms the judgment that the defendant recover of the plaintiff the sum of $3,958.59, should be reversed and the judgment of the trial court, in so far as it adjudges that the defendant recover of the plaintiff the said sum, should be reversed and a new trial granted, without costs in this court to either party.

CULLEN, Ch. J., HAIGHT, WERNER, WILLARD BARTLETT, HISCOCK and CHASE, JJ., concur.

Judgment accordingly.