Charles Smith, Plaintiff, *v.* Hellman Motor Corporation and Commercial Credit Company, Baltimore, Md., Defendants.

Municipal Court of the City of New York, Borough of Manhattan, Seventh District, January, 1924.

**Sales — conditional — contract provided automobile was to be equipped with a certain lock and title to remain in vendor until payment of note — car delivered without lock and stolen — payments made by purchaser under mistake of fact — purchaser not obligated to insure car and entitled to recover from vendor amounts paid on note.**

The contract of conditional sale to plaintiff of an automobile to be equipped with a Decker lock provided that the title to the car was to remain in the vendor or its assigns until a note, given in compliance with the contract, for the balance due upon the purchase price, was paid in full. A sum to cover insurance premiums for a policy against theft was included in the note. *Held,* that plaintiff was discharged by his vendor from any further obligation to insure the car for its interest.

When the car was delivered it was without a Decker lock. The vendor assigned all its rights to its codefendant, a credit corporation, which took out a policy against theft. The car was stolen before any payments were made under the contract of sale, and thereafter, because of the threats of his vendor that unless he made the payments as provided therein and the note given thereunder suit would be brought against plaintiff on the note, he made such payments, the first of which he paid to said vendor and the balance to its assignee. In an action against the vendor and its assignee to recover back such payments alleged to have been made under a mistake of fact, *held,* that as at the time the car was stolen the title thereto was not in plaintiff but in the assignee of the vendor by assignment from it, and that the conditional bill of sale covered a car equipped with a Decker lock, the plaintiff was entitled to judgment against its vendor alone for the amount of such payments.

*Ball* v. *Shepard,* 202 N. Y. 247, followed.

Action to recover money paid under mistake of fact.

*Morris D. Reiss, (Arthur Leventhal,* of counsel), for plaintiff.

*Fraenoff, Robinson & Sloan (Robert S. Sloan,* of counsel), for defendant Hellman Motor Corporation.

*Dills & Towsley (Duane R. Dills,* of counsel), for defendant Commercial Credit Company.

Panken, J. Although a considerable volume of testimony has been introduced on behalf of the plaintiff and both defendants in the course of the trial, the issue as to the facts is to be narrowed down to one question.

The plaintiff in this case, in July, 1922, purchased an automobile designated as a Ford from the defendant Hellman Motor Corpora-

tion, and paid thereon a deposit of fifty dollars. An additional sum was to be paid by the plaintiff upon delivery of the car, and the balance by a note payable in installments.

The documents introduced in evidence, and the testimony of witnesses, disclose that the papers constituting the contract between the plaintiff and defendant Hellman Motor Corporation were not all signed by the plaintiff. One was signed by him; some by his son and one by his daughter.

The conditional bill of sale, one of the documents in evidence, provides, in effect, that title to the automobile in question is to remain in the Hellman Motor Corporation, or its assigns, until such time when the plaintiff will have paid in full the note executed under and in compliance with the conditional bill of sale.

The papers in evidence provide that together with the automobile the defendant Hellman Motor Corporation was to supply to the plaintiff a Decker lock; that the automobile was to be equipped with a Decker lock.

The plaintiff undertook in this case to insure the automobile against any damage or theft in the interest of the defendant Hellman Motor Corporation.

It appears from the evidence in the case, however, that added to the purchase price of the automobile and its accessories, and included in the note executed by the plaintiff's son to the Hellman Motor Corporation, was also a sum to cover the premium for such policy of insurance.

It follows, therefore, that in so far as the insurance was concerned that was to be obtained by the defendant Hellman Motor Corporation or its assigns for its own interest.

By the payment of the premium to cover insurance against loss by theft of the car to the defendant Hellman Motor Corporation the plaintiff was discharged by the defendant Hellman Motor Corporation from any further obligations which rested upon him under the conditional bill of sale to insure the property in his possession under the contract for the interest of said defendant.

The uncontradicted testimony in the case shows that the car in question was stolen the first day that the plaintiff himself had seen it, although it had been in the possession of his son — hence in plaintiff's possession — for some time theretofore.

It is well to note that the fact that the conditional bill of sale, and the promissory note thereunder, was signed by the son of the plaintiff, and not by the plaintiff in person, is not material to the question as to the ultimate rights of the parties concerned herein. The defendant Hellman Motor Corporation accepted the conditional bill of sale and note signed by the plaintiff's son, and the plaintiff

evidently accepted the car, which was delivered, pursuan to such contract and note. ,

The policy of insurance covering the automobile in question was not obtained by the Hellman Motor Corporation, one of the defendants herein. Such policy was obtained by the other defendant, the Commercial Credit Company, it having acquired all the rights of its codefendant by assignment.

It is uncontradicted that the policy obtained covered the car equipped with a device known as a Decker lock. It is the contention of the plaintiff herein that the car delivered to him was not so equipped, and hence no recovery was possible from the insurer under the policy procured by the defendant Commercial Credit Company since such policy provided that the car must be equipped with a Decker lock.

The Commercial Credit Company, one of the defendants herein, had no knowledge as to whether the car was equipped with a Decker lock or not. All of the documents in evidence indicate, however, that the car was to be so equipped.

As to all of the material facts in the case there is no dispute except as to the question whether or not the car was equipped with a Decker lock. The evidence in the case bears out the plaintiff, when the car was delivered to the plaintiff's son it was not equipped with a Decker lock. There has been a good deal of evidence in the case describing that particular device, and convincing testimony that the car was not so equipped. The testimony submitted by the Hellman Motor Corporation to controvert the contention of plaintiff was of but little probative value.

I conclude, therefore, as a matter of fact, that the Ford car, when delivered to the plaintiff's son, was without a Decker lock.

The car was stolen before any payments were made under the conditional bill of sale. Subsequent to the theft of the car the plaintiff paid the monthly installments as provided for in the conditional bill of sale, and the note given therewith.

The plaintiff in this case had no title to the property stolen. Title at that time was in the Commercial Credit Company, one of the defendants, by assignment from the other defendant, the Hellman Motor Corporation. The plaintiff did, however, pay all of the installments called for. There is evidence in the case that the plaintiff was required to pay the installments by the Hellman Motor Corporation. It was testified he did so because he was threatened that unless he did make such payments suit would be brought against him on the note.

In this case the plaintiff seeks to recover from both of the defendants the total amount paid under the various papers in

evidence.   The initial payment of $189.74 was made to the Hellman Motor Corporation.   The balance was paid to the other defendant.

It is contended by a defendant in this case that the plaintiff cannot recover because the payments were made under a mistake of law and not under a mistake of fact.   Before I conclude as to whether or not the plaintiff paid these moneys over to the defendants under a mistake of fact or under a mistake of law it is well that a discussion be had upon this anomaly in the law, as I consider it to be.   The law is that where a person pays over to another sums of money under a mistake of law he cannot recover it, while one who pays under a mistake of fact may recover.

It has been held in many cases in this and other jurisdictions that where a person pays over money to another under a mistake of law he cannot recover.

In the case of *Belloff* v. *Dime Savings Bank of Williamsburg*, 118 App. Div. 20, 22, and affirmed by the Court of Appeals without opinion, using the language of the court, the rule is laid down: " The familiar rule is not questioned that money paid upon a claim of right cannot be recovered back merely because the payor mistook the law," citing many cases in support of the rule just herein above quoted.

Cyc. (Vol. 27, p. 809) defines a mistake of law in the following language:   " A mistake which occurs when a person having full knowledge of the facts comes to an erroneous conclusion as to their legal effect."

The law is well settled that no recovery can be had where money is paid over under a mistake of law.   I cannot, however, see the distinction that is made between the right to recover for money paid over under a mistake of fact from money paid over under a mistake of law.   Surely, it is possible, really more probable, for one to mistake the law than to mistake the facts.   The law in the last few generations has become quite complex; it is constantly being modified to meet new economic as well as social conditions, as they arise.   The theory upon which a person may recover when he pays under a mistake of fact, as I gather it, and the logic of the situation supports it, is that a person may not retain something to which he is not entitled, and in opposition to the rightful owner, he may not become unjustly enriched through the mistake of another.   If a person pays over money to another under a mistake of fact the person receiving the money would be in possession of something to which he is not entitled and thus he would become unjustly enriched.   It seems to me a person receiving money to which he was not entitled and which was paid to him by one who had mistaken the legal effect of a certain situation is in no better

position to retain such money or property than one who has received money or property under a mistake of fact. It does appear to be an anomolous situation which will undoubtedly in the course of time be rectified either by the courts or by the legislature.

In the case of *Ball* v. *Shepard*, 202 N. Y. 247, Judge Werner (at p. 253) writes: " This claim is predicated upon the principle that a party who pays money under a mistake of fact, to one who is not entitled thereto must in equity and good conscience be permitted to get it back."

And, in my judgment, where one's claim is predicated on the principle that he has paid money under a mistake of law, in equity and good conscience he should also be permitted to get it back.

Discussing the rule of law which permits a person to recover moneys when paid under a mistake of fact Judge Werner continues: " That is a well-recognized principle of law * * *. The simplest statement of the rule invoked by the plaintiff is that if A pays money to B upon an erroneous assumption of the former that he is indebted to the latter, an action may be maintained for its recovery. The reason for the rule is obvious. Since A was mistaken in the assumption he was indebted to B the latter is not entitled to retain the money acquired by the mistake of the former, even though the mistake was the result of negligence."

This rule applies to the instant case. In the case at bar the money was paid under a mistake of fact. The plaintiff, as the testimony discloses, paid for the accessory referred to as a Decker lock and he was under the impression that the car was equipped with a Decker lock. He had paid the installments reserved in the conditional bill of sale as evidenced by the note given with such conditional bill of sale. The conditional bill of sale covered a car equipped with a Decker lock. He had paid, therefore, the install ments under a mistake of fact that he was paying installments on a car equipped with a Decker lock. The fact is, as I have already concluded, the car was not so equipped. He is, therefore, entitled to recover the sum paid over to the defendants. The only question remaining to be decided is which of the defendants is liable to the plaintiff. It would seem that the defendant Commercial Credit Company should not be made to answer to the plaintiff for the damages herein sought to be recovered. It took an assignment from its codefendant of a car equipped with a Decker lock; it received payments in accordance with the conditional bill of sale. The plaintiff being entitled to recover the sum paid can recover such sum only from the defendant Hellman Motor Corporation. It might be possible I would have arrived at a different conclusion if the relationship between the Hellman Motor Corpo-

ration and the Commercial Credit Company had been disclosed. Under the Civil Practice Act it is now possible for the rights of all parties to be determined in one action, so that the rights of the defendants as between themselves can also be determined by the court under the new act.   That, however, was not submitted to me.

Judgment for the plaintiff against the Hellman Motor Corporation.

Judgment accordingly.