■ HUDSON ENVELOPE CORP., Appellant, v LAWRENCE KLAUSNER et al., Respondents. [670 NYS2d 104] —Order, Supreme

Court, New York County (Ira Gammerman, J.), entered March 14, 1997, which, in an action by plaintiff insured against its insurer, its broker and the broker's employers to recover premium payments made for an annually renewed employee health insurance policy that allegedly duplicated coverage that plaintiff already had, granted defendants' motions to dismiss the action as barred by the Statute of Limitations, unanimously affirmed, without costs.

The action was properly dismissed on the ground that, assuming that the broker owed plaintiff a professional-like duty to advise it of its insurance coverage needs, the continuous representation doctrine does not apply, and that any cause of action plaintiff might have is therefore barred by the Statute of Limitations, which, assuming in plaintiff's favor was six years, began to run when the allegedly unnecessary policy was first procured some 12 years before commencement of the action. As noted by the IAS Court, neither the complaint nor plaintiff's opposing papers allege any specific advice after procurement of the original policy, and otherwise fail to allege continuous representation in connection with that particular transaction, as opposed to the mere continuation of a general professional relationship (*see, Nykorchuck v Henriques*, 78 NY2d 255, 258-259; *Luk Lamellen U. Kupplungbau GmbH v Lerner*, 166 AD2d 505, 507). Nor is there merit to plaintiff's claim that the complaint is viable insofar as based on policy renewals within six years of the action's commencement, since annual renewals, effected with no further discussions between plaintiff and the broker or independent acts of malpractice, constitute only new instances of damage, and are therefore irrelevant for limitations analysis (*see, Ely-Cruikshank Co. v Bank of Montreal*, 81 NY2d 399, 402). We have considered plaintiff's other arguments and find them to be without merit. Concur—Milonas, J. P., Nardelli, Mazzarelli and Saxe, JJ.