■ COVENTRY COATING CORPORATION, Appellant, v VERLAN FIRE INSURANCE COMPANY et al., Respondents, et al., Defendants. [756 NYS2d 185] —Order and judgment (one paper), Supreme Court, New York County (Harold Tompkins, J.), entered November 27, 2001, which granted the respective motion and cross motion of defendants-respondents Verlan Fire Insurance Company and RBL Associates Inc. for summary judgment dismissing the complaint, unanimously affirmed, without costs.

The motion court properly dismissed the action against defendants-respondents, insurance agent and insurer, on the ground that they had no duty to recommend flood insurance, where plaintiff neither specifically requested such insurance nor communicated the susceptibility of the area for which insurance was sought to flood damage (*see L.C.E.L. Collectibles v American Ins. Co.*, 228 AD2d 196 [1996]). Plaintiff's principal's conclusory assertions that his communications with defendants-respondents led him to believe that they were providing more than the ordinary insurance agent/insurer services are insufficient to create a triable issue of fact as to whether a "special relationship" existed possibly giving rise to a heightened duty on defendants' parts (*see Murphy v Kuhn*, 90 NY2d 266, 270 [1997]). Nor could plaintiff reasonably rely on the inspection, report and recommendations conducted and issued by Verlan Fire Insurance Company to conclude that Verlan had assumed a responsibility to inform plaintiff of appropriate coverage, since the report and insurance policy clearly stated that such inspections and reports were for underwriting purposes only and were not to be relied upon by plaintiff or anyone else. Concur—Andrias, J.P., Saxe, Rosenberger, Williams and Gonzalez, JJ.