■ CHARLES MAURO, Respondent, v NIEMANN AGENCY, INC., Appellant. [756 NYS2d 611] —In an action, inter alia, to recover damages for breach of contract, the defendant appeals from an order of the Supreme Court, Suffolk County (Molia, J.), dated March 13, 2002, which denied its motion, inter alia, for summary judgment dismissing the complaint with leave to renew upon the completion of discovery.

Ordered that the order is modified, on the law, by deleting the provision thereof denying that branch of the motion which was for summary judgment dismissing the complaint and substituting therefor a provision granting that branch of the motion; as so modified, the order is affirmed, with costs, and the complaint is dismissed.

The complaint alleges that the defendant, an insurance broker, breached its contract with the plaintiff's father and committed negligence in failing to procure the maximum uninsured and supplementary uninsured motorist (hereinafter SUM) coverage that would have covered the injuries he sustained in an accident on July 12, 1997, while he was driving his father's car. The plaintiff's father procured SUM coverage from the defendant continuously from 1989 until the date of the accident. The plaintiff was an "insured" as defined in paragraph I (a) (2) (i) of the SUM endorsement.

After issue was joined, the defendant moved for summary judgment and for dismissal of the complaint for failure to state a cause of action and as time-barred (see CPLR 3212, 3211 [a] [7], [5]). The Supreme Court denied the motion with leave to renew after the completion of discovery.

The defendant sustained its burden of establishing prima facie that both the breach of contract, if any, and the negligence claims, if any, are time-barred (see Savarese v Shatz, 273 AD2d 219, 220 [2000]). In opposition, the plaintiff raised no triable issue that would change the measurement of the applicable periods of limitations.

The statute of limitations for a breach of contract is six years (see CPLR 213 [2]), and for a negligence claim is three years (see CPLR 214 [4]). The breach of contract claim accrued in 1989 when the defendant failed to perform its alleged undertaking with the plaintiff's father to obtain the highest amount of SUM coverage (see Ely-Cruikshank Co. v Bank of Montreal, 81 NY2d 399, 402 [1993]; Hudson Envelope Corp. v Klausner, 249 AD2d 31, 32 [1998]). This action was commenced on June 29, 2000, more than six years after the defendant allegedly breached its contract.

Under the circumstances of this case as pleaded in the

complaint, the plaintiff's negligence claim also accrued in 1989 because it alleges that as a proximate result of the defendant's failure to secure SUM coverage to the maximum amount available, the plaintiff's benefits were limited to $25,000. This loss of a property right to greater insurance protection took place upon the first issuance of the coverage in 1989, more than three years prior to the commencement of this action (*see Busker on Roof Ltd. Partnership Co. v Warrington,* 283 AD2d 376 [2001]; *Cappelli v Berkshire Life Ins. Co.,* 276 AD2d 458, 459 [2000]).

Accordingly, the Supreme Court erred in denying the defendant's motion with leave to renew after completion of discovery. No amount of discovery will alter the facts on which the defense of the statute of limitations rests.

The plaintiff's remaining contentions either are unnecessary to reach or without merit. Goldstein, J.P., Adams, Townes and Crane, JJ., concur.