■ FRANK FORTINO, Plaintiff, and CAMILLE FORTINO et al., Appellants, v MITCHELL HERSH et al., Respondents, et al., Defendant. [764 NYS2d 25] —Order, Supreme Court, New York County (Karla Moskowitz, J.), entered August 19, 2002, which, to the extent appealed from, granted the motion of defendants Mitchell Hersh and The Burns Agency for summary judgment dismissing the cause of action of plaintiffs Camille Fortino, Anthony Fortino and Toni Ann Fortino (the plaintiff relatives) for breach of fiduciary duty, reversed, on the law, without costs, the motion denied and the plaintiff relatives' breach of fiduciary duty cause of action reinstated.

The motion court erred in finding that the plaintiff relatives failed to set forth admissible evidence sufficient to raise a triable issue of fact as to the claim for breach of fiduciary duty. The court, in considering the affidavit of plaintiff Frank Fortino, found that it defeated summary judgment as to him but rejected as hearsay his statements supporting the claims of the plaintiff relatives. It failed to give due consideration to their verified pleadings which, pursuant to CPLR 105 (u), "may be utilized as an affidavit whenever [an affidavit] is required." It also failed to consider nonhearsay statements in affidavits and depositions.

In our view, the record is sufficient in these particular circumstances to raise a factual question as to the existence of an "[e]xceptional and particularized situation[ ] * * * in which [an] insurance agent[ ], through [his] conduct or by express or implied contract with customers and clients * * * assume[d] or acquire[d] duties in addition to those fixed at common law" (*Murphy v Kuhn*, 90 NY2d 266, 272 [1997]).

Hence, for procedural reasons we reinstate the action as to these plaintiffs. By doing so, though, we are not addressing the main substantive claim regarding whether defendants owed plaintiffs a fiduciary duty, insofar as no cross appeal was taken by defendants from that part of the order that did not dismiss as to plaintiff Frank Fortino.

Thus, the record in this matter contained sufficient evidence to raise triable issues of fact as to whether Hersh assumed the role of an investment advisor to the plaintiff relatives, whether a fiduciary relationship developed between them and Hersh, and, if so, whether Hersh breached his concomitant duties. Concur—Tom, J.P., Rosenberger and Williams, JJ.

Andrias, J., dissents in a memorandum as follows: I would search the record and modify the order appealed from only to the extent of granting defendants-respondents' motion for summary judgment dismissing plaintiff Frank Fortino's remaining cause of action for breach of fiduciary duty and would otherwise affirm.

It is well-settled law that insurance brokers or agents do not generally owe a fiduciary duty to the insured (*Murphy v Kuhn*, 90 NY2d 266 [1997]) and, as this Court has specifically recognized, "[n]o special relationship of trust or confidence arises out of an insurance contract between the insured and the insurer; the relationship is legal rather than equitable" (*Batas v Prudential Ins. Co. of Am.*, 281 AD2d 260, 264 [2001]). Nevertheless, the Court of Appeals has acknowledged that "[e]xceptional and particularized situations may arise in which insurance agents, through their conduct or by express or implied contract * * * may assume or acquire duties in addition to those fixed at common law" (*Murphy*, 90 NY2d at 272).

However, no such situation arose in this case. In wining and dining the plaintiff and his family, defendant Hersh was practicing the art of salesmanship and did not, by his actions, assume or acquire duties above and beyond those imposed by common law. Plaintiffs have failed to demonstrate how their relationship with defendant Hersh "differ[ed] from that of a reasonable consumer" and was anything more than purely contractual (*see Batas, supra* at 264); Hersh's mere "superior knowledge of [a] product" is not enough to create a fiduciary relationship (*id.*).

Accordingly, in the absence of any allegations establishing an "exceptional situation" that transformed defendant Hersh from salesman to fiduciary, plaintiff Frank Fortino's cause of action for breach of fiduciary duty should be dismissed. Furthermore, inasmuch as his relatives' claimed fiduciary relationship is identical to his, their cause of action for breach of fiduciary duty was properly dismissed without regard to the adequacy of their opposition to defendants' motion.