■ MICHAEL J. PATERNO et al., Respondents, v CYC, LLC, et al., Defendants, and LEE S. WIEDERKEHR, as Trustee of the JOSEPH ROTH SPRAY TRUST, et al., Appellants. [778 NYS2d 700]— In an action, inter alia, to recover for damage to property, the defendants Lee S. Wiederkehr, as trustee of the Joseph Roth Spray Trust, and Lee S. Wiederkehr, as personal representative of the Estate of Joseph Roth, appeal, as limited by their brief, from so much of an order of the Supreme Court, Dutchess County (Tolbert, J.), dated February 10, 2003, as denied those branches of their motion which were to dismiss the first, second, third, sixth, tenth, eleventh, and twelfth causes of action pursuant to CPLR 3211, and the defendants Chazen Engineering & Land Surveying Co. and Chazen Environmental Services, Inc., separately appeal from the same order.

Ordered that the appeal by the defendants Chazen Engineering & Land Surveying Co. and Chazen Environmental Services, Inc., is dismissed as abandoned (*see* 22 NYCRR 670.8 [c], [e]); and it is further,

Ordered that the order is affirmed insofar as reviewed; and it is further,

Ordered that one bill of costs is awarded to the plaintiffs payable by the appellants Lee S. Wiederkehr, as trustee of the Joseph Roth Spray Trust, and Lee S. Wiederkehr, as personal representative of the estate of Joseph Roth.

On a motion to dismiss pursuant to CPLR 3211, our task is to determine whether the complaint states a cause of action, and the motion must be denied if, from the four corners of the complaint, factual allegations are discerned which taken together and accepted as true manifest any cause of action cognizable at law (*see 511 W. 232nd Owners Corp. v Jennifer Realty Co.*, 98 NY2d 144, 151 [2002]; *Polonetsky v Better Homes Depot*, 97 NY2d 46, 54 [2001]; *Guggenheimer v Ginzburg*, 43 NY2d 268, 275 [1977]). The pleadings are afforded a liberal construction and the plaintiff must be accorded the benefit of every possible favorable inference (*see Goshen v Mutual Life Ins. Co.*, 98 NY2d 314, 326 [2002]; *Leon v Martinez*, 84 NY2d 83, 87-88 [1994]). Applying that standard here, the Supreme Court properly denied those branches of the motion of the defendants Lee S. Wiederkehr, as trustee of the Joseph Roth Spray Trust,

and Lee S. Wiederkehr, as personal representative of the estate of Joseph Roth, which were to dismiss the first, second, third, sixth, tenth, eleventh, and twelfth causes of action. Florio, J.P., Luciano, Townes and Fisher, JJ., concur.