■ St. George Hotel Associates et al., Appellants, v Israel Shurkin, Respondent, et al., Defendant. [786 NYS2d 56]—

In an action, inter alia, to recover damages for breach of

contract, the plaintiffs appeal, as limited by their notice of appeal and brief, from so much of an order of the Supreme Court, Kings County (Vaughan, J.), dated November 19, 2003, as granted that branch of the motion of the defendant Israel Shurkin which was to dismiss the cause of action to recover damages for breach of contract as time-barred.

Ordered that the order is affirmed insofar as appealed from, with costs.

The plaintiffs employed the defendant Israel Shurkin, an insurance broker, to procure excess insurance for a building in Brooklyn. After a fire damaged the building, they commenced this action, inter alia, to recover damages for breach of contract. The plaintiffs alleged that the insurance proceeds were insufficient, among other things, since Shurkin failed to procure, as requested and agreed to, coverage for the building on a replacement cost basis, rather than on an actual cash value basis. The Supreme Court, inter alia, dismissed the plaintiffs' cause of action for breach of contract as time-barred by the statute of limitations. We affirm.

The plaintiffs' cause of action to recover damages for breach of contract accrued, and the relevant six-year statute of limitations began to run, upon the breach, not when the plaintiffs allegedly sustained damages arising therefrom (see CPLR 213 [2]; *Ely-Cruikshank Co. v Bank of Montreal,* 81 NY2d 399, 402 [1993]; *National Life Ins. Co. v Hall & Co. of N.Y.,* 67 NY2d 1021 [1986]; *Mauro v Niemann Agency,* 303 AD2d 468 [2003]). The alleged breach occurred in December 1994, when the policy at issue was procured and issued. This action was commenced in June 2001, more than six years later. Thus, the plaintiffs' cause of action to recover damages for breach of contract was properly dismissed as time-barred. To the extent that *Brooklyn Union Gas Co. v Interboro Surface Co.* (87 AD2d 833 [1982]) and *Ryan Ready Mixed Concrete Corp. v Coons* (25 AD2d 530 [1966]) may be read to the contrary, they should not be followed (*see National Life Ins. Co. v Hall & Co. of N.Y., supra; T & N PLC v James & Co. of N.Y., Inc.,* 29 F3d 57 [1994]). Ritter, J.P., Smith, Goldstein and Lifson, JJ., concur.