OPINION OF THE COURT
Leonard B. Austin, J.
*379 Defendant Felsen Associates, Inc. moves for an order pursuant to CPLR 3211 (a) (7) dismissing the third cause of action.
Background
Felsen is an insurance broker. For the past approximately 40 years, Felsen has been the insurance broker for the Scotto brothers in their various enterprises. Plaintiffs allege that Felsen represented itself as an expert in the insurance field. They also allege that Felsen acted as a de facto risk manager for their various business entities.
In 2002, Scotto Princeton LLC and Scotto Bros. Enterprises (collectively Scotto) purchased property in South Brunswick, New Jersey, upon which Scotto was going to develop a hotel.
Scotto requested that Felsen obtain “full and complete insurance coverages to insure Scotto against all manner of peril in connection with the renovation and future operation of that commercial property including, but not limited to, Builders’ Risk and Business Interruption insurance.” (Complaint f 10.) Felsen claims to have advised Scotto that it could not obtain business interruption insurance for this project.
Felsen placed the insurance on the property and for the project which did not contain business interruption coverage. Felsen was paid a commission for the placement of the policy.
During the course of construction, the property was damaged significantly by fire. This is alleged to have caused Scotto to sustain significant financial losses during the construction phase of the project. As a result, the hotel did not open on schedule. Thus, Scotto also suffered losses as a result of not being able to open and operate the hotel.
Scotto alleges that Felsen could have obtained business interruption insurance for this project since several insurance companies were issuing such coverage for this type of project. Scotto seeks to recover the damages it allegedly sustained as a result of Felsen’s failure to procure business interruption insurance.
The complaint alleges three causes of action. The first cause of action alleges a claim for negligence. The second cause of action alleges a claim for breach of contract. The third cause of action alleges a claim for breach of fiduciary duty.
Felsen moves to dismiss the third cause of action.
Discussion
CPLR 3211 (a) (7) permits the court to dismiss a cause of action on the grounds that it fails to state a cause of action.
*380 When deciding a motion to dismiss for failure to state a cause of action, the court must accept as true all of the facts alleged in the complaint and any factual submission made in opposition to the motion. (511 W. 232nd Owners Corp. v Jennifer Realty Co., 98 NY2d 144 [2002]; Sokoloffv Harriman Estates Dev. Corp., 96 NY2d 409 [2001].)
The allegations in the complaint must be liberally construed, and the plaintiff must be given the benefit of every favorable inference which can be drawn from the facts as pleaded. (Leon v Martinez, 84 NY2d 83 [1994]; Paterno v CYC, LLC, 8 AD3d 544 [2d Dept 2004].)
The court must determine whether the plaintiff has a cognizable cause of action and not whether the action has been properly pleaded. (Guggenheimer v Ginzburg, 43 NY2d 268 [1977]; Rovello v Orofino Realty Co., 40 NY2d 633 [1976]; Well v Yeshiva Rambam, 300 AD2d 580 [2d Dept 2002].)
Felsen asserts that the third cause of action should be dismissed because it did not have a fiduciary relationship with Scotto. Scotto alleges that because of the length of the relationship and its reliance upon Felsen’s expertise in the insurance business, it established sufficient facts to sustain a cause of action for breach of fiduciary duty.
The purchase of an insurance policy through a broker does not give rise to a fiduciary relationship between the agent or broker and the customer. (Paull v First UNUM Life Ins. Co., 295 AD2d 982 [4th Dept 2002]; see also, Goshen v Mutual Life Ins. Co. of N.Y., 1997 WL 710669, 1997 NY Misc LEXIS 486 [Sup Ct, NY County 1997], affd 259 AD2d 360 [1st Dept 1999], mod on other grounds 94 NY2d 330 [1999].) An insurance broker has the obligation to obtain the coverage requested by the customer within a reasonable period of time or to inform the customer of the broker’s inability to obtain such coverage. (Murphy v Kuhn, 90 NY2d 266 [1997]; Tappan Wire & Cable v County of Rockland, 305 AD2d 665 [2d Dept 2003]; Barco Auto Leasing Corp. v Montano, 215 AD2d 617 [2d Dept 1995]; Wied v New York Cent. Mut. Fire Ins. Co., 208 AD2d 1132 [3d Dept 1994].)
Scotto specifically alleges that it requested Felsen to obtain business interruption insurance. Scotto further alleges that Felsen advised that it could not obtain such coverage.
The Court of Appeals has recognized that “[e]xceptional and particularized situations may arise in which insurance agents, through their conduct or by express or implied contract with *381 customers and clients, may assume or acquire duties in addition to those fixed at common law.” (Murphy v Kuhn, supra at 272.) However, the imposition of those additional duties should be governed by the facts of the particular case and the particular relationship between the parties. (Id.; see also, Kimmell v Schaefer, 89 NY2d 257 [1996].) Despite this language, no New York court has ever imposed liability upon an insurance broker for breach of fiduciary duty for failing to obtain insurance coverage for a client when the insurance broker has advised the client of the unavailability of or inability to obtain the insurance. (See, Murphy v Kuhn, supra.)
Scotto’s reliance upon Fortino v Hersh (307 AD2d 899 [1st Dept 2003]) and Lynch v McQueen (309 AD2d 790 [2d Dept 2003]) in this regard is misplaced. In both of these cases, the breach of fiduciary duty claim was premised upon defendant’s fiduciary duty as an investment advisor, not as an insurance broker.
In Fortino, the claim for breach of fiduciary duty was reinstated for procedural reasons; to wit: the failure of the court to consider statements in a verified pleading, affidavits and depositions as proof in opposition to a motion for summary judgment. In fact, the Court specifically stated: <c[W]e are not addressing the main substantive claim regarding whether defendants owed plaintiffs a fiduciary duty.” (Fortino v Hersh, supra at 899.) In sustaining the complaint, the Court found sufficient evidence to establish questions of fact as to whether Hersh had assumed the role of the plaintiffs investment advisor who had a fiduciary duty to his clients.
Similarly, in Lynch, the cause of action for breach of fiduciary duty survived the motion to dismiss because of alleged violations of the defendant’s fiduciary obligations as an investment advisor in liquidating securities without plaintiffs consent to pay premiums on insurance policies. The breach of fiduciary duty claim was additionally supported by allegations that the defendant initiated the relationship, convinced Lynch to purchase insurance policies she would not have otherwise purchased and advised plaintiff that he would take care of all of Lynch’s insurance needs. None of these factors are present in this case.
Although not specifically held in Murphy v Kuhn, the Court of Appeals recognized that courts in other states had found a special relationship may exist between an insurance broker and a customer when the broker is paid an additional fee for consult *382 ing services above and beyond the commissions earned on placement and/or renewal of policies (see, Sandbulte v Farm Bureau Mut. Ins. Co., 343 NW2d 457 [Iowa Sup Ct 1984]), where there is a long-standing relationship between the customer and the broker and the customer relies upon the broker’s expertise as to the coverage (see, Trupiano v Cincinnati Ins. Co., 654 NE2d 886 [Ind Ct App 1995]) or the course of conduct between the customer and the broker establishes that the customer is relying upon the broker advice regarding the type and amount of coverage to be obtained and the adequacy of such coverage (see, Trotter v State Farm Mut. Auto. Ins. Co., 297 SC 465, 377 SE2d 343 [1988]).
The facts as alleged in the complaint, as supplemented by the affidavit of Peter V DeSantis, Scotto’s vice-president of purchasing, do not allege facts sufficient to establish the existence of a fiduciary relationship between Scotto and Felsen. The pleadings and the DeSantis affidavit establish nothing more than a long-term insurance broker-customer relationship.
There is no evidence, nor do plaintiffs claim, that Felsen received any compensation from Scotto for consulting services. The only compensation Felsen received was the commissions earned on the placement or renewal of insurance policies.
While there was a long-standing relationship between Scotto and Felsen, Scotto does not allege and does not establish through the DeSantis affidavit submitted in opposition to the motion that Scotto sought or relied upon Felsen’s expertise in deciding the type, amount or sufficiency of its insurance coverage. Scotto specifically alleges it requested Felsen to obtain business interruption insurance for this project. Thus, Scotto cannot establish that it was relying upon Felsen’s expertise in deciding what type of insurance it needed.
Scotto’s contention that the motion should be denied pending completion of discovery (see, CPLR 3211 [d]) is also without merit. A motion to dismiss should be denied and discovery permitted only when the party opposing the motion establishes that knowledge of the facts needed to oppose the motion is solely and exclusively in the possession of the movant. (Cantor v Levine, 115 AD2d 453 [2d Dept 1985].) In this case, Scotto and Felsen had a 40-year business relationship. Scotto most certainly should have sufficient knowledge of the facts surrounding their relationship and the specific transaction to plead facts sufficient to establish a fiduciary relationship. The bare legal conclusion that Felsen was Scotto’s de facto risk manager is insufficient *383 without factual allegations to establish such relationship existed. (See, Tectrade Intl. v Fertilizer Dev. & Inv., 258 AD2d 349 [1st Dept 1999].) Discovery would not reasonably assist Scotto in obtaining the facts and information necessary to establish the existence of a fiduciary relationship between Felsen and itself.
The courts have recognized that in exceptional circumstances a cause of action for negligent misrepresentation exists where there is a special relationship between the customer and the insurance broker and the customer reasonably relies upon the broker’s representations. (See, Murphy v Kuhn, supra; Curanovic v New York Cent. Mut. Fire Ins. Co., 307 AD2d 435 [3d Dept 2003].) However, Scotto has pleaded a cause of action for breach of fiduciary duty, not negligent misrepresentation. Scotto does not seek leave to either amend its complaint to allege a cause of action for negligent misrepresentation (CPLR 3025 [b]), or for leave to replead (CPLR 3211 [e]).
Permitting a customer of an insurance broker to sue for breach of fiduciary duty when the broker inaccurately or negligently advises the client of the unavailability of such insurance coverage would “open flood gates to even more complicated and undesirable litigation.” (Murphy v Kuhn, supra at 273.)
Accordingly, it is ordered that defendant’s motion to dismiss the third cause of action is granted.