■ Vɪᴄ Cʜᴀʀ Rᴇᴀʟᴛʏ, Iɴᴄ., Respondent, v Aʟʟɪᴀɴᴄᴇ Pʟᴜs, Iɴᴄ., Formerly Known as Rɪᴄʜᴀʀᴅ Wɪʟʟɪᴀᴍs Aɢᴇɴᴄʏ, Appellant, and Tʜᴇ Tʀᴇɪʙᴇʀ Gʀᴏᴜᴘ, LLC, et al., Defendants and Third-Party Plaintiffs-Respondents. Iɴsᴜʀᴀɴᴄᴇ Sᴇʀᴠɪᴄᴇs Oғғɪᴄᴇ, Iɴᴄ., Third-Party Defendant-Respondent. [810 NYS2d 152]—

Order, Supreme Court, New York County (Saralee Evans, J.), entered October 29, 2004, which, to the extent appealed from as limited by the briefs, denied the motion of Alliance Plus, Inc. (Alliance) for summary judgment dismissing plaintiff's breach of contract claim, and granted the motions of defendants The Treiber Group, LLC (Treiber) and Insurance Services Office, Inc. (ISO) for summary judgment, dismissing all claims and cross claims against them, unanimously affirmed, without costs.

The court properly found that plaintiff's breach of contract claim was not barred by the statute of limitations. The error constituting the alleged breach by Alliance occurred in 1997, when Alliance undertook to value plaintiff's property for purposes of obtaining replacement cost insurance (*see Fortino v Hersh*, 307 AD2d 899 [2003]; *Stevens v Hickey-Finn & Co.*, 261 AD2d 300 [1999]). That the same error may have been earlier made by Alliance in connection with different coverage procured by it for plaintiff, does not entail an earlier accrual date for the presently asserted contract claim relating to Alliance's brokerage of the replacement cost policy (*cf. Mauro v Niemann Agency*, 303 AD2d 468 [2003]; *Hudson Envelope Corp. v Klausner*, 249 AD2d 31 [1998]). As to the merits of the contract claim, a triable factual issue is raised as to whether Alliance's representative should have been put on notice either that not all of the property plaintiff sought to insure was insured, or that the portion which was insured was underinsured. Issues of fact also exist as to whether plaintiff was prevented from fulfilling the condition precedent of repair or replacement, by reason of the inadequate coverage (*see Covia Partnership v Sharp Travel Serv.*, 1994 WL 132112, *4-5, 1994 US Dist LEXIS 4440, *13-14 [SD NY 1994]; *Zaitchick v American Motorists Ins. Co.*, 554 F Supp 209, 215-216 [SD NY 1982], *affd* 742 F2d 1441 [1983]).

Also proper was the dismissal of Alliance's cross claims against Treiber and ISO. The confidential survey report produced by ISO for the carrier's agent, Treiber, was expressly for underwriting purposes only. Thus, Alliance was foreclosed from relying on the report when recommending a level of insurance to plaintiff (*see Coventry Coating Corp. v Verlan Fire Ins. Co.*, 303 AD2d 164 [2003]). Finally, it was Alliance, not Treiber, which, by its conduct, assumed the duty to value the property for the purpose of advising plaintiff respecting how much coverage would be adequate (*see Fortino v Hersh*, 307 AD2d 899, 900 [2003]). There is no evidence that Treiber assumed any such duty, either by agreement or by its conduct. Concur—Andrias, J.P., Saxe, Friedman, Williams and Malone, JJ.