■ JON TUCKER, Doing Business as TECHNICAL ASSISTANCE AND SERVICES, Respondent, v M & T INSURANCE AGENCY, INC.,

Formerly Known as MATTHEWS, BARTLETT AND DEDECKER, INC., Appellant. [827 NYS2d 398]—

Appeal from an order of the Supreme Court, Erie County (Frederick J. Marshall, J.), entered December 6, 2005. The order denied defendant's motion to dismiss the complaint.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously affirmed without costs.

Memorandum: Plaintiff commenced this action asserting causes of action for breach of contract and negligence based on defendant's alleged failure to procure a commercial general liability (CGL) policy of insurance covering plaintiff for liability for bodily injury caused in the course of his business. Supreme Court properly denied defendant's preanswer motion to dismiss the complaint pursuant to CPLR 3211 (a) (1), (5) and (7).

Addressing first that part of the motion brought pursuant to CPLR 3211 (a) (5), we conclude that the court properly refused to dismiss the complaint as time-barred. Defendant contends that, because the CGL policy was originally issued in 1995 and simply renewed annually thereafter, the causes of action accrued in 1995 and thus that this action, commenced on March 29, 2005, is time-barred (*see St. George Hotel Assoc. v Shurkin*, 12 AD3d 359, 360 [2004]; *Mauro v Niemann Agency*, 303 AD2d 468, 468-469 [2003]; *Hudson Envelope Corp. v Klausner*, 249 AD2d 31, 32 [1998]). The record reflects, however, that there were, before the April 1, 2002 policy renewal, both "further discussions between plaintiff and the broker [and alleged] independent acts of malpractice" (*Hudson Envelope Corp.*, 249 AD2d at 32). We thus conclude that the causes of action accrued on April 1, 2002, and that the action therefore was timely commenced (*cf. Mauro*, 303 AD2d at 468-469; *see generally Neary v Tower Ins.*, 32 AD3d 920 [2006]; *Vic Char Realty, Inc. v Alliance Plus, Inc.*, 26 AD3d 278, 279 [2006]).

The factual submissions and arguments in support of those parts of defendant's motion to dismiss under CPLR 3211 (a) (1) and (7) are properly made in a postanswer motion for summary judgment pursuant to CPLR 3212 and not on a preanswer motion to dismiss. In any event, the contentions of defendant that it is entitled to judgment as a matter of law on the grounds that plaintiff was aware of the policy exclusion and that defendant fully discharged its duty to plaintiff are without merit. Present—Hurlbutt, A.P.J., Scudder, Gorski and Smith, JJ.