■ HERBERT SHERRY, Respondent, v CITIBANK, N.A., Appellant. [773 NYS2d 553]—

Order, Supreme Court, New York County (Herman Cahn, J.), entered January 28, 2003, which denied defendant's motion to dismiss the complaint, unanimously affirmed, without costs.

Plaintiff stated a cause of action for deceptive practices and false advertising, in violation of General Business Law §§ 349 and 350, for the manner in which defendant applied finance charges for its "checking plus" accounts. A fair reading of the complaint shows that plaintiff relied on defendant's sales literature which stated that "checking plus" permitted custom-

ers to write checks for more than the available balance in their checking accounts, up to the amount of their "checking plus" credit limit, and then "pay interest on only the amount you use." Such a representation could easily lead a potential customer, such as plaintiff herein, to the reasonable belief that interest would stop accruing once he made a deposit to his checking account sufficient to pay off the amount due on the credit line, without having to do anything further (*see Oswego Laborers' Local 214 Pension Fund v Marine Midland Bank,* 85 NY2d 20, 26 [1995]).

Whether plaintiff actually received defendant's "checking plus account agreement and disclosure" statement is in dispute. But even assuming he had received this document, it did not contain any specifics as to the manner of repayment of the credit lines, and thus did not conclusively establish a defense to the asserted claims as a matter of law (*see Leon v Martinez,* 84 NY2d 83, 88 [1994]). Concur—Nardelli, J.P., Tom, Saxe and Marlow, JJ.