WILLIAM HARVEY, Respondent, v METROPOLITAN LIFE INSURANCE COMPANY, Appellant. [827 NYS2d 6]—

Order, Supreme Court, New York County (Herman Cahn, J.), entered April 20, 2005, which, to the extent appealed from, denied defendant's motion to dismiss plaintiff's cause of action based on General Business Law § 349, and order, same court and Justice, entered on or about December 19, 2005, which, to the extent appealed from, denied defendant's motion to dismiss the amended complaint, unanimously affirmed, without costs.

Plaintiff purchased from defendant a term life insurance policy that included coverage for his listed children up to their respective 25th birthdays. He alleged a deceptive practice for the manner in which this "Child Rider" endorsement was marketed, in violation of General Business Law § 349, in that consumers could reasonably believe their children might still be covered, even after age 25, as long as premiums continued to be paid (see Sherry v Citibank, 5 AD3d 335, 336 [2004]).

Defendant contends the lawsuit is untimely because plaintiff's youngest child turned 25 in 1999, four years prior to commencement of this suit. However, plaintiff claims to have continued to pay premiums for this Child Rider into 2003, by which time the rider was no longer providing coverage for his children. What is alleged is a "continuing wrong," which—for purposes of our statute of limitations (CPLR 203)—is "deemed to have accrued on the date of the last wrongful act" (Leonhard v United States, 633 F2d 599, 613 [2d Cir 1980], cert denied 451 US 908 [1981]). Accordingly, the commencement of this action in 2004 was timely. We have considered defendant's other contentions and find them without merit. Concur—Friedman, J.P., Williams, Sweeny and Malone, JJ.