■ ELIZABETH C. DOLCE, Individually and as Executor of JOHN E. DOLCE, Deceased, Appellant, v NORTHWESTERN MUTUAL LIFE INSURANCE COMPANY et al., Respondents, et al., Defendant. [708 NYS2d 327] —In an action, *inter alia*, to recover damages for fraud and misrepresentation in the replacement of an insurance policy, the plaintiff appeals from so much of an order of the Supreme Court, Westchester County (Nicolai, J.), entered May 14, 1999, as granted the respective motions of the defendants Northwestern Mutual Life Insurance Company and Robert P. Flanagan for summary judgment dismissing the complaint insofar as asserted against them.

Ordered that the order is affirmed insofar as appealed from, with costs.

The plaintiff's claims that the defendants Northwestern Mutual Life Insurance Company (hereinafter Northwestern) and Robert P. Flanagan failed to comply with the regulations of the New York State Insurance Department concerning the sale of new life insurance policies to replace existing coverage are governed by the three-year Statute of Limitations applicable to actions seeking to recover damages for a liability created by statute (*see,* CPLR 214 [2]; *Goldberg v Manufacturers Life Ins. Co.,* 242 AD2d 175, 181; *see also, Buccino v Continental Assur. Co.,* 578 F Supp 1518, 1526). Since this action was commenced more than three years after Northwestern's policy was issued, the plaintiff's causes of action to recover damages for violations of Insurance Law §§ 2123, 4226 and 11 NYCRR part 51 are time-barred (*see, Goldberg v Manufacturers Life Ins. Co., supra*).

The plaintiff's remaining contentions are without merit. Goldstein, J. P., Florio, Feuerstein and Schmidt, JJ., concur.