[740 NYS2d 396]

ADRIANA C. DILLON, on Behalf of Herself and All Others Similarly Situated, Appellant, v U-A COLUMBIA CABLEVISION OF WESTCHESTER, INC., Doing Business as TCI CABLE OF WESTCHESTER, Respondent, et al., Defendants.

Second Department, April 8, 2002

APPEARANCES OF COUNSEL

*Caruso & Dillon, P.C.,* Mamaroneck (*John M. Dillon* and *Van Bunch* of counsel), and *Bonnett, Fairbourn, Friedman &*

*Balint, P.C.,* Phoenix, Arizona (*Elaine A. Ryan* and *Andrew S. Friedman* of counsel), for appellant. (One brief filed.)

*Lynch Rowin, LLP,* New York City (*Marc Rowin* and *Susan Jamison* of counsel), for respondent.

### OPINION OF THE COURT

Per Curiam.

At issue on this appeal is whether the voluntary payment doctrine bars recovery of alleged excessive late fees paid by the plaintiff to the defendant U-A Columbia Cablevision of Westchester, Inc., doing business as TCI Cable of Westchester (hereinafter the defendant). We agree with the Supreme Court that the doctrine precludes recovery and affirm the dismissal of the complaint insofar as asserted against the defendant.

In or about September 1992, the plaintiff, Adriana C. Dillon, entered into a contract with the defendant for cable television services. At the time, she received information regarding the defendant's services and billing practices. Specifically, she was advised that a late fee of $5 would be charged when payments were not received by the due date. On at least five occasions, the plaintiff failed to timely make payment and was assessed a $5 late charge, which she paid.

In April 1999, the plaintiff commenced this proposed class action on behalf of herself and all persons within New York State who paid late fees to the defendant from April 5, 1993, to March 9, 1999. The complaint alleges that the defendant characterized the late fee as an "administrative fee" in its advertising and promotional materials and claimed that the fee was "intended to be a reasonable advance estimate of * * * costs which result from customers' late payments and nonpayments." It is alleged that the late fee, however, did not, in fact, reflect the actual or reasonably anticipated costs incurred by the defendant. Rather, the fee substantially exceeded the defendant's costs and, therefore, was an impermissible liquidated damages provision and constituted an unlawful penalty. Specifically, the plaintiff alleges that the $5 late fee amounted to approximately 19% of her average monthly bill. The complaint asserts causes of action alleging, inter alia, fraud and money had and received, and seeks to recover, among other things, the late fees charged.

The defendant moved to dismiss the complaint on the ground, among others, that recovery was barred by the voluntary payment doctrine. The Supreme Court found the doctrine to be ap-

plicable and granted the defendant's motion to dismiss the complaint insofar as asserted against it.

The common-law voluntary payment doctrine bars recovery of payments made with full knowledge of the facts, even if made under a mistake of law (see *Payne v Witherbee, Sherman & Co.*, 200 NY 572, 576). By statute, New York has modified the traditional rule to afford some relief where a party has acted pursuant to a mistake of law. CPLR 3005 provides that "[w]hen relief against a mistake is sought in an action * * * relief shall not be denied merely because the mistake is one of law rather than one of fact." The statute "removes technical objections in instances where recoveries can otherwise be justified by analogy with mistakes of fact," but does not require all mistakes of law to be treated as mistakes of fact (*Mercury Mach. Importing Corp. v City of New York*, 3 NY2d 418, 427; see *Symphony Space v Pergola Props.*, 88 NY2d 466, 484-485).

Here, the plaintiff alleges that she paid the late fees pursuant to both a mistake of fact and a mistake of law. She claims that she paid the fees without knowledge that they did not reflect an accurate estimate of the actual costs attributable to late payments, as represented by the defendant. Further, because she was unaware that the late fee greatly exceeded the defendant's actual costs, she did not know that the fee was an illegal penalty.

Assuming the truth of these allegations (see *Cron v Hargro Fabrics*, 91 NY2d 362, 366), the plaintiff nevertheless was fully aware that she would be charged a $5 late fee if she did not make timely payment. Despite this knowledge, she made several late payments and voluntarily paid the late fees. Having full knowledge of the late fee and the circumstances under which it would be imposed, the plaintiff cannot rely on her misconception of the actual costs associated with late payments to defeat application of the voluntary payment doctrine (see *Time Warner Entertainment Co., L.P. v Whiteman*, 741 NE2d 1265 [Ind]; *Telescripps Cable Co. v Welsh*, 247 Ga App 282, 542 SE2d 640; *Hassen v Mediaone of Greater Fla., Inc.*, 751 So 2d 1289 [Fla]).

In addition, the plaintiff did not act under an actual mistake of law (see *Gimbel Bros. v Brook Shopping Ctrs.*, 118 AD2d 532). As noted by the Supreme Court, while the plaintiff allegedly relied on the defendant's representation that the fee was "a reasonable advance estimate" of its costs, she acknowledges that the late fee was approximately 19% of her total bill. Yet, she voluntarily paid the late fee on several occasions without

protest despite knowledge of facts suggesting that the fee might be excessive. "When a party intends to resort to litigation in order to resist paying an unjust demand, that party should take its position at the time of the demand, and litigate the issue before, rather than after, payment is made" (*Gimbel Bros. v Brook Shopping Ctrs., supra* at 535). Consequently, the Supreme Court properly concluded that the plaintiff's action is barred by the doctrine of voluntary payment.

The plaintiff's remaining contentions are unpreserved for appellate review and, in any event, without merit.

In light of our determination that the voluntary payment doctrine precludes recovery in this case, it is unnecessary to address the defendant's alternate grounds for dismissal. Accordingly, the order is affirmed.

SANTUCCI, J.P., ALTMAN, TOWNES and CRANE, JJ., concur.

Ordered that the order is affirmed, with costs.