■ REGINA A. LYNCH et al., Respondents, v JOHN McQUEEN, Defendant, and PARK AVENUE SECURITIES et al., Appellants. [765 NYS2d 645] —In an action, inter alia, to recover compensatory and punitive damages for negligence, fraud, and violation of General Business Law § 349, the defendants Park Avenue Securities and Guardian Life Insurance Company of America appeal from so much of an order of the Supreme Court, Suffolk County (Pitts, J.), dated February 6, 2002, as denied their motion to compel arbitration of the claims brought against the defendant Park Avenue Securities, and to dismiss the complaint insofar as asserted against the defendant Guardian Life Insurance Company of America.

Ordered that the order is modified, on the law, by deleting the provision thereof denying those branches of the motion which were to dismiss the fifth, sixth, and seventh causes of action insofar as asserted against the defendant Guardian Life Insurance Company of America, and substituting therefor a provision granting those branches of the motion; as so modified, the order is affirmed insofar as appealed from, without costs or disbursements.

The plaintiff, individually and on behalf of her infant daughters, brought the instant action against John McQueen, and the appellants, Park Avenue Securities (hereinafter Park Avenue) and Guardian Life Insurance Company of America (hereinafter Guardian), asserting eight causes of action. The complaint alleged that McQueen, a registered stockbroker and licensed insurance agent, working on behalf of the appellants, convinced the plaintiff to "transfer [her] stock certificates and other financial instruments" to the defendants to manage. According to the complaint, McQueen convinced the plaintiff to buy substantial whole life insurance policies covering herself and her young daughters. Without consulting the plaintiff, he then liquidated some of her securities in order to meet the monthly premiums on the policies. The plaintiff sought compensatory and punitive damages against McQueen individually and as an agent of Park Avenue and Guardian on various tort theories, including negligence, breach of fiduciary obligations, misrepresentation, fraud, prima facie tort, and violation of General Business Law § 349. The appellants moved

to compel arbitration of the claims insofar as asserted against Park Avenue pursuant to a clause in the brokerage agreement, which, inter alia, stated that its enforcement shall be governed by Massachusetts law, and to dismiss the claims insofar as asserted against Guardian for failure to state a cause of action.

The Supreme Court properly denied that branch of the appellants' motion which was to compel arbitration on the ground that the parties "have not provided the court with the means of determining the manner in which the State of Massachusetts might resolve the issue of the enforceability of the provision [of the brokerage agreement] involved." The motion papers before the Supreme Court, lacking even a cursory discussion of the relevant Massachusetts law, were insufficient for it to properly determine the issue.

Furthermore, there is no merit to the appellants' argument that the Federal Arbitration Act (9 USC § 1 *et seq.* [hereinafter FAA]), would preempt any state law under which the arbitration would be unenforceable. The United States Supreme Court has held that "[w]here * * * the parties have agreed to abide by state rules of arbitration, enforcing those rules according to the terms of the agreement is fully consistent with the goals of the FAA, even if the result is that arbitration is stayed where the Act would otherwise permit it to go forward. By permitting the courts to 'rigorously enforce' such agreements according to their terms * * * we give effect to the contractual rights and expectations of the parties, without doing violence to the policies behind the FAA" (*Volt Info. Sciences v Board of Trustees of Leland Stanford Jr. Univ.,* 489 US 468, 479 [1989], quoting *Dean Witter Reynolds Inc. v Byrd,* 470 US 213, 221 [1985]).

With regard to the claims asserted against Guardian, the Supreme Court properly denied that branch of the motion which was to dismiss the plaintiff's first, second, third, and fourth causes of action, to recover damages for negligent misrepresentation, breach of fiduciary duty, fraud, and fraud in the inducement, respectively, based on the failure to state causes of action.

The plaintiff stated in the complaint and in her affidavit submitted in opposition to the defendants' motion, that Guardian's insurance agent, McQueen, initiated their relationship, convinced her to buy certain insurance policies which she otherwise would not have bought, and encouraged her to rely on him to take care of all her insurance needs. Thus, contrary to the appellants' contentions, presuming, as we must, the truth of the above allegations (*see Rovello v Orofino Realty Co.,* 40 NY2d 633, 635-635 [1976]; *Well v Yeshiva Rambam,* 300

AD2d 580 [2002]; *Maurillo v Park Slope U-Haul,* 194 AD2d 142, 145 [1993]), the plaintiff alleged facts sufficient to establish that McQueen, as Guardian's agent, created a special relationship between himself and the plaintiff, thereby assuming a duty of care and justifying the plaintiff's reliance on him (*see Murphy v Kuhn,* 90 NY2d 266, 272 [1997]; *Kimmell v Schaefer,* 89 NY2d 257 [1996]; *Sutton Park Dev. Corp. Trading Co. v Guerin & Guerin Agency,* 297 AD2d 430, 431-432 [2002]; *Shenorock Shore Club v Rollins Agency,* 270 AD2d 330 [2000]). In addition, contrary to the appellants' assertions, the complaint, when considered with the plaintiff's affidavit, provided sufficient detail regarding McQueen's alleged misrepresentations to satisfy the specificity requirement for the causes of action alleging negligent misrepresentation, fraud, and fraud in the inducement (*cf. Lanzi v Brooks,* 43 NY2d 778, 780 [1977]; *Well v Yeshiva Rambam, supra*). Furthermore, the Supreme Court properly denied that branch of the motion which was to dismiss the eighth cause of action for an award of an attorney's fee (*see Winkler v Allvend Indus.,* 186 AD2d 732 [1992]).

However, the branch of the motion which was to dismiss the fifth, sixth, and seventh causes of action, alleging prima facie tort, liability pursuant to General Business Law § 349 and demanding punitive damages, respectively, should have been granted. The cause of action to recover damages based on prima facie tort should have been dismissed for failure to allege special damages with sufficient specificity (*see Freihofer v Hearst Corp.,* 65 NY2d 135, 143 [1985]) and failing to allege that the sole motivation for the conduct charged was " 'disinterested malevolence' " (*Burns Jackson Miller Summit & Spitzer v Lindner,* 59 NY2d 314, 333 [1983], quoting *American Bank & Trust Co. v Federal Reserve Bank,* 256 US 350, 358 [1921]; *Morrell v Gorenkoff,* 278 AD2d 210 [2000]; *see SRW Assoc. v Bellport Beach Prop. Owners,* 129 AD2d 328, 332 [1987]).

The cause of action pursuant to General Business Law § 349 and the demand for punitive damages should have been dismissed for failure to allege conduct that was consumer-oriented or "part of a pattern directed at the public generally," a required element of such cause of action and demand (*New York Univ. v Continental Ins. Co.,* 87 NY2d 308, 316 [1995]; *see Teller v Bill Hayes, Ltd.,* 213 AD2d 141 [1995]). Smith, J.P., Townes, Cozier and Mastro, JJ., concur.