OPINION OF THE COURT
Henry F. Zwack, J.
In this action which seeks compensation pursuant to General Municipal Law § 207-m, defendant moves for summary judgment pursuant to CPLR 3212 on its counterclaim, which seeks reimbursement for excess payments of wages and benefits to plaintiff. Plaintiff cross-moves to dismiss defendant’s counterclaim pursuant to CPLR 3212.
The action seeks additional compensation for plaintiff, the Police Chief of the Town of East Greenbush, pursuant to General Municipal Law § 207-m. Plaintiffs complaint asserts that in April 2006 he received a letter from defendant advising plaintiff of a change to his salary and compensation, which plaintiff asserts was in violation of General Municipal Law § 207-m. Plaintiff’s complaint seeks restoration of his salary and compensation pursuant to said statute. Defendant asserts that in prior years plaintiff has received salary increases and other compensation which in fact constituted overpayments pursuant to General Municipal Law § 207-m. Defendant’s counterclaim seeks recoupment of these overpayments in the amount of $92,227.67, or an inquest in the alternative.
Defendant moves for summary judgment on its counterclaim, and asserts that defendant should be reimbursed by plaintiff for payments of wages and benefits above the minimum requirements of General Municipal Law § 207-m, paid to plaintiff between January 2001 and April 2006, totaling $92,227.67. Defendant asserts that it is entitled to recoup such overpayments, paid by mistake, as a matter of law and requests summary judgment on its counterclaim. Defendant maintains that regardless of whether the overpayments were due to a mistake of law or a mistake of fact, defendant is entitled to recoup such monies.
Plaintiff cross-moves to dismiss defendant’s counterclaim, opposes defendant’s motion for summary judgment, and seeks attorneys’ fees. Plaintiff asserts that material issues of fact exist with regard to defendant’s counterclaim and that therefore defendant has failed to make a prima facie showing and summary judgment should be denied. Plaintiff asserts that defendant’s overpayments, if any, fall under the voluntary payment doctrine because defendant had full knowledge of the facts but was acting under a mistake of law. Further, plaintiff maintains that a *768 three-year statute of limitations applies to defendant’s counterclaim. Plaintiff also contends that summary judgment is premature because discovery has not been completed.
Summary judgment is a drastic remedy which should not be granted unless it is clear that there are no triable issues of fact (Andre v Pomeroy, 35 NY2d 361, 364 [1974]). The focus should be on issue identification rather than issue determination (Sternbach v Cornell Univ., 162 AD2d 922, 923 [3d Dept 1990]). “[T]he proponent of a summary judgment motion must make a prima facie showing of entitlement to judgment as a matter of law, tendering sufficient evidence to demonstrate the absence of any material issues of fact” (Alvarez v Prospect Hosp., 68 NY2d 320, 324 [1986]; see also Ayotte v Gervasio, 81 NY2d 1062 [1993]; Zuckerman v City of New York, 49 NY2d 557 [1980]). Once the movant has established a right to judgment as a matter of law, the burden shifts to the opponent of the motion to establish, by admissible proof, the existence of genuine issues of material fact {see Alvarez, supra-, Zuckerman, supra). The evidence must be viewed in the light most favorable to the party opposing the motion, giving that party the benefit of every reasonable inference, in order to determine whether there is any triable issue of fact outstanding (see Matter of Suffolk County Dept. of Social Servs. v James M., 83 NY2d 178, 182 [1994]; Boyce v Vazquez, 249 AD2d 724, 725 [3d Dept 1998]).
The court finds that defendant has demonstrated the absence of any material issues of fact that would preclude summary judgment on defendant’s counterclaim. The calculations of the amounts which plaintiff was paid are not in dispute and neither are the amounts paid to the highest ranking subordinate below plaintiff. The sole issues outstanding are matters of law which the parties dispute: the application of General Municipal Law § 207-m, and defendant’s ability to recoup payments made in excess of the statutory minimum requirements, if such excess payments were made between 2001 and 2006. Plaintiff has failed to raise the existence of any genuine issues of material fact that would warrant the denial of summary judgment.
For purposes of General Municipal Law § 207-m, it is undisputed between the parties that plaintiff constitutes “the permanent full-time head of the police department” for defendant. There is also no dispute regarding the identity or title of the “highest ranking subordinate police officer” in this case.
General Municipal Law § 207-m was amended on August 2, 1999 and this amendment is the main issue in this case. The *769 statute previously provided that the permanent full-time head of the police department would receive base salary increases in the event that the highest ranking subordinate officer’s base salary is increased. The 1999 amendment provided that the permanent full-time head of the police department would also receive increases in “other compensation” in the event that the highest ranking subordinate officer’s other compensation is increased. Specifically, the following issues are in dispute on this motion: (1) the manner in which plaintiff’s base salary would be increased, whether by percentage or dollar amount; and (2) the time at which an increase in plaintiff’s “other compensation” would be triggered, specifically, whether the increase was dependent upon the subordinate officer’s other compensation increasing after August 2, 1999 or not. The parties also dispute the required outcome if the court determines that plaintiff was overpaid. Defendant requests recoupment and asserts that recoupment is required under the law. Plaintiff asserts that defendant voluntarily paid plaintiff’s salary and compensation, was not limited to the increases pursuant to General Municipal Law § 207-m, and further that defendant is bound by contract law principles to the amounts already paid because defendant passed resolutions approving the amount of payment to plaintiff for each year at issue.
Regarding base salary, General Municipal Law § 207-m provides that when the base salary of the highest ranking subordinate police officer who is a member of a negotiating unit is increased, the base salary of the permanent full-time head of the police department shall also be increased “by at least the same dollar amount of the base salary increase received by such next subordinate police officer. ’ ’ (General Municipal Law § 207-m [1].)
Regarding “other compensation,” General Municipal Law § 207-m provides that when other compensation of the highest ranking subordinate is increased, the other compensation of the head of the department “shall be increased to the same extent and with the same conditions as the other compensation received by the next subordinate police officer in the event that such subordinate officer’s other compensation is increased.” (General Municipal Law § 207-m [1].) “Other compensation” is defined in the statute, and includes, but is not limited to, “employer contribution to or payments of insurance or welfare benefits and employer contributions to pension or annuity funds. Overtime, holiday and shift differential pay shall not be *770 considered as salary or other compensation unless by resolution, ordinance, special or local law the municipality . . . elects to include these items” (General Municipal Law § 207-m [2]).
First, the court must determine whether plaintiff was in fact paid more than required by General Municipal Law § 207-m. If the court finds that plaintiff was paid more than required, the second determination must be whether defendant can require plaintiff to pay back such monies.
As set forth herein, the court finds that defendant did pay plaintiff in excess of the amount required by General Municipal Law § 207-m from 2001 through 2006. However, defendant is not entitled to recoup monies already paid to plaintiff over the minimum required by said statute.
I. Salary and Other Compensation Pursuant to General Municipal Law § 207-m
The court must first address the applicable statute of limitations. One of the bases of plaintiffs opposition to defendant’s counterclaim is that defendant’s claim for recoupment is limited by a three-year statute of limitations pursuant to CPLR 214. CPLR 214 (2) applies a three-year statute of limitations to actions “to recover upon a liability . . . imposed by statute.” Defendant asserts that a six-year statute of limitations applies, as applicable to actions to recover overpayment of money had and received (see Matter of Witbeck, 245 AD2d 848 [3d Dept 1997]). While the three-year statute of limitations would apply to plaintiffs claim to recover unpaid money pursuant to statute, the statute of limitations for defendant’s counterclaim is six years. In any event, the resolution of this issue is academic in light of the court’s findings below regarding defendant’s inability to recoup the monies sought in its counterclaim.
Base Salary
The statute expressly provides that base salary increases for the head of the police department are only required to be increased “by at least the same dollar amount” of the subordinate’s base salary increase.
Therefore, while the subordinate’s base salary may have been increased on a percentage basis, plaintiffs increase in base salary pursuant to General Municipal Law § 207-m was required to be the dollar amount of the increase in the subordinate’s base salary. Plaintiffs salary was not required to be increased by the. same percentage that the subordinate’s salary was increased. As such, for the years 2001 through 2006, plaintiff *771 was paid $9,952.31 over the minimum amount of base salary he was required to be paid pursuant to General Municipal Law § 207-m.
Other Compensation
Defendant also asserts that plaintiff was overpaid for the following forms of “other compensation”: longevity pay, college bonus, sergeant’s pay, and on-call stipend. Defendant acknowledges that plaintiff was underpaid, by $1,000, related to first aid and defibrillator training payments. Plaintiff disputes that he was overpaid and asserts that he was properly paid all sums claimed by defendant as overpayments above and also that such payments have been improperly ceased as of April 2006.
The linchpin of the parties’ disagreement is based upon whether or not an increase in “other compensation” is mandated under General Municipal Law § 207-m if the “other compensation” at issue of the subordinate was not increased since the statutory amendment on August 2, 1999. Defendant argues that no increase in plaintiffs “other compensation” is mandated if the subordinate’s “other compensation” has not been increased since August 2, 1999. Plaintiff disagrees and asserts that plaintiff would be entitled to the same amount as the subordinate for “other compensation,” even if such “other compensation” has not increased since prior to the statute’s amendment in 1999.
The court finds that the statute’s plain wording supports defendant’s construction. “[WJhere the statutory language is clear and unambiguous, the court should construe it so as to give effect to the plain meaning of the words used.” (Matter of Raritan Dev. Corp. v Silva, 91 NY2d 98, 107 [1997], quoting Patrolmen’s Benevolent Assn. of City of N.Y. v City of New York, 41 NY2d 205, 208 [1976].) Specifically, the statute provides that the other compensation of the head of the department “shall be increased to the same extent and with the same conditions as the other compensation received by the next subordinate police officer in the event that such subordinate officer’s other compensation is increased.” (General Municipal Law § 207-m [1] [emphasis added].)
Additionally, an unreported decision of the Rensselaer County Supreme Court (Ceresia, J.) is also instructive on this issue and supports the above conclusion. In Whitman v City of Troy (Oct. 7, 2005), the court held that other compensation was not properly awarded to the head of the police department where the subordinate officer’s other compensation had not been increased since prior to 1999.
*772 Further, a recent opinion of the New York State Comptroller also supports this conclusion. It states in relevant part as follows:
“While the 1999 amendments expanded the coverage of section 207-m to include ‘other compensation’, they did not alter the prerequisite in the statute that there be an ‘increase’ in order to trigger an entitlement under this section. By its express terms, section 207-m provides that there must be an increase in ‘other compensation’ that is ‘credited’ to the ‘next subordinate police officer’ as a term of employment. Since a police chiefs statutory entitlement to parity for ‘other compensation’ did not commence until the effective date of the 1999 amendments (August 2, 1999), there would have to be an increase in the ‘other compensation’ of the next subordinate officer occurring on or after that date to trigger the statute.” (2007 Ops St Comp No. 2007-3 [emphasis added].)
Longevity Pay
Cumulative longevity increments were in existence prior to the 1999 amendment of section 207-m. They were increased by the collective bargaining agreement that went into effect January 1, 2001 through December 31, 2003. As set forth above, pursuant to the express wording of the statute, plaintiff was only mandated to receive the same dollar amount of the increase in the increments. Therefore, for the years 2001 through 2006, plaintiff was paid $19,950 over the minimum amount of longevity increment monies he was required to be paid pursuant to General Municipal Law § 207-m.
College Bonus
The college bonus payments have not increased since prior to 1999, and therefore plaintiff is not entitled to any payments related to college bonus. Plaintiff has been issued payments for college bonus totaling $5,000 between 2001 and 2005, which was not required by General Municipal Law § 207-m.
Sergeant’s Pay
Similar to college bonus payments, the sergeant’s pay amounts have not increased since prior to 1999, and therefore plaintiff was not entitled to sergeant’s pay. Plaintiff has been issued payments for sergeant’s pay totaling $6,250 between 2001 and 2005, which was not required by General Municipal Law § 207-m.
*773 On-Call Stipend
Similar to college bonus payments and sergeant’s pay, the on-call stipend has not increased since 1999 and therefore plaintiff was not entitled to the on-call stipend. Plaintiff was issued on-call stipend payments totaling $52,075.36 for years 2001 through 2003, which were not required by General Municipal Law § 207-m.
The on-call stipend was discontinued by defendant in 2004. One of plaintiffs claims in opposition to defendant’s motion is that he was still entitled to the on-call stipend in 2004 because defendant had passed a resolution approving such payments and then thereafter reneged on the payments. As set forth in more detail below, to the extent a resolution was passed and approved on-call stipend payments to plaintiff, plaintiff may be entitled to such payments. The resolution in such a situation could be controlling under the circumstances present herein, even if not mandated by General Municipal Law § 207-m. However, in light of the court’s findings herein, resolution of whether plaintiff should have been paid the on-call stipend in 2004 is academic because plaintiff has not moved for summary judgment on his claims set forth in the complaint and this issue is not required to be resolved on this motion, which only relates to defendant’s counterclaim for defendant’s recoupment of payments to plaintiff. The court also notes that plaintiffs claims in his complaint appear to relate only to 2006 to present.
First Aid and Defibrillator Training
Defendant concedes that plaintiff has been underpaid pursuant to General Municipal Law § 207-m as related to first aid and defibrillator payments. This benefit was introduced in 2004 and plaintiff should have received an additional $1,000 as related to this benefit.
In summary, the court concurs with defendant that defendant has paid plaintiff in excess of the minimum requirements of General Municipal Law § 207-m from 2001 to 2006, with the exception of first aid and defibrillator payments, as set forth above. However, the court does not find that any such excess payments may be recouped by defendant, for the reasons set forth below.
II. Recoupment of Monies Paid over the Minimum Requirements of General Municipal Law § 207-m
The plain language of the statute is clear that a municipality may elect to increase the head of the police department’s salary *774 or other compensation beyond the minimum provisions listed in the statute. Defendant asserts however that it was operating under a mistake when it paid plaintiff and therefore asserts that it should be permitted to recoup amounts paid over the minimum required by General Municipal Law § 207-m. Plaintiff asserts that the voluntary payment doctrine precludes defendant’s attempted recoupment of any overpayments and notes that the statute does not preclude payments in excess of the statutory minimum payments.
The elements of the voluntary payment doctrine, as modified in New York, are set forth below:
“The common-law voluntary payment doctrine bars recovery of payments made with full knowledge of the facts, even if made under a mistake of law (see Payne v Witherbee, Sherman & Co., 200 NY 572, 576). By statute, New York has modified the traditional rule to afford some relief where a party has acted pursuant to a mistake of law. CPLR 3005 provides that ‘[w]hen relief against a mistake is sought in an action . . . relief shall not be denied merely because the mistake is one of law rather than one of fact.’ The statute ‘removes technical objections in instances where recoveries can otherwise be justified by analogy with mistakes of fact,’ but does not require all mistakes of law to be treated as mistakes of fact (Mercury Mach. Importing Corp. v City of New York, 3 NY2d 418, 427; see Symphony Space v Pergola Props., 88 NY2d 466, 484-485).” (Dillon v U-A Columbia Cablevision of Westchester, 292 AD2d 25, 27 [2d Dept 2002], affd 100 NY2d 525 [2003], citing Gimbel Bros, v Brook Shopping Ctrs., 118 AD2d 532 [2d Dept 1986]).
In Gimbel Bros., a party made payments that he believed he was contractually obligated to pay for approximately IV2 years (118 AD2d at 535-536). He then questioned his contractual obligation to make such payments and sought a declaratory judgment in which the Court found the payments were not required. The Court also denied recoupment of the payments, finding that the payments had been voluntarily made and that the party was not acting under a mistake of law because the party had never actually attempted to learn what the law required until belatedly seeking the declaratory judgment after making the payments for an extended time (id. at 536 [“(the party) displayed a marked lack of diligence in determining what *775 its contractual rights were, and is therefore not entitled to the equitable relief of restitution”]).
The court finds that the voluntary payment doctrine operates to preclude defendant from recovering any payments in excess of the General Municipal Law § 207-m minimum requirements (Dillon, supra; Gimbel Bros., supra). The undisputed facts on this case support a finding that defendant was operating under a mistake of law or was making payments voluntarily to plaintiff without ever independently ascertaining its legal obligations with respect to such payments. The court does not find that a mistake of fact existed.
Using defendant’s logic that the mistake of law resulted in a mistake of fact, every mistake of law would necessarily also constitute a mistake of fact, a scenario which case law has addressed and denied {Dillon, supra). The facts were and are undisputed, namely, the amounts paid to the highest ranking subordinate. The legal dispute as to which of those payments are required by statute to also be paid to plaintiff is the essence of the legal dispute between the parties. As set forth above, based upon the court’s analysis of the statute and application of its express wording to the facts of this case, defendant paid plaintiff in excess of the statutory requirements. Defendant asserts that it did not realize it was doing so. This does not constitute a mistake of fact. Defendant voluntarily paid plaintiff, or paid plaintiff under a mistake of law, and, under either circumstance, defendant is not permitted to recoup such payments under the voluntary payment doctrine.
Further, plaintiff notes that defendant approved plaintiff’s salary by resolution each year from 2001 through 2006. The town resolutions constituted contracts with plaintiff based upon the facts of this case (Shepherd v Whispering Pines, 188 AD2d 786 [3d Dept 1992]; Rock Ridge Townhouses v Village ofTupper Lake, 99 AD2d 914 [3d Dept 1984]; Village of Lake George v Town of Caldwell, 3 AD2d 550 [3d Dept 1957], affd 5 NY2d 727 [1958]). Notably, plaintiff submitted his detailed salary plan to defendant each year and, after a review process, defendant agreed or disagreed to the terms set forth in plaintiffs proposed plan. Defendant was clearly able to consult with legal counsel, or conduct any other independent review in its analysis of plaintiffs submitted pay plan. There is no assertion that any of the figures set forth in plaintiffs pay plan were inaccurate or misrepresented. Defendant now asserts that the pay plan provided for pay in excess of the minimum statutory require *776 ments; however, as set forth above, defendant was permitted to pay plaintiff more money than the minimum required by statute.
In conclusion, in finding the voluntary payment doctrine applicable to the instant matter, the court finds the following facts of significance: defendant’s apparent failure to seek independent legal advice upon the amendment of General Municipal Law § 207-m; defendant’s passage of resolutions approving the pay plan of plaintiff for the years in question; defendant’s voluntary payments to plaintiff in the years in question; and defendant’s delay in seeking recoupment of monies paid over the course of six years, which was sought in response to plaintiffs claims for payment (see Dillon, supra; Gimbel Bros., supra).
Accordingly, it is ordered that summary judgment on defendant’s counterclaim is granted, as set forth above; and it is further ordered that defendant’s motion for summary judgment is denied; and it is further ordered that plaintiffs motion for summary judgment dismissing defendant’s counterclaim is granted.