MARIA FRUMENTO, Appellant, v ON RITE CO., INC., Respondent, et al., Defendants. [887 NYS2d 620]—

In an action to recover damages for negligence, breach of express warranty, strict products liability, and fraudulent misrepresentation, the plaintiff appeals from an order of the Supreme Court, Queens County (Grays, J.), entered May 27, 2008, which granted the motion of the defendant On Rite Co., Inc., pursuant to CPLR 3025 (b) for leave to amend its answer

to assert the statute of limitations as a defense and to dismiss the complaint insofar as asserted against it as time-barred.

Ordered that the order is affirmed, with costs.

The plaintiff was a hairstylist/technician for the defendant Hair Club for Men, LLC, and/or the defendant Hair Club for Men of Albany, Ltd. In 2002 she allegedly began to develop symptoms resulting from her exposure to specified chemicals she used in the course of her employment. At least one of these chemicals allegedly was manufactured, sold, and distributed by the defendant On Rite Co., Inc. (hereinafter On Rite). In October 2003 the plaintiff terminated her employment due to her physical condition. She ultimately was diagnosed with vasculitis, a form of lupus, and multiple chemical sensitivity. After the plaintiff commenced this action, On Rite served its answer, in which it failed to assert the statute of limitations as an affirmative defense. Thereafter, On Rite moved pursuant to CPLR 3025 (b) for leave to amend its answer to add such a defense, and to dismiss the complaint insofar as asserted against it as time-barred. In the order appealed from, the Supreme Court granted On Rite's motion. We affirm.

"Leave to amend pleadings should be freely given provided that the amendment is not palpably insufficient, does not prejudice or surprise the opposing party, and is not patently devoid of merit" (*Gitlin v Chirinkin*, 60 AD3d 901, 901-902 [2009]; *see Sheila Props., Inc. v A Real Good Plumber, Inc.*, 59 AD3d 424, 426 [2009]; *Boakye-Yiadom v Roosevelt Union Free School Dist.*, 57 AD3d 929, 931 [2008]). "A determination whether to grant such leave is within the Supreme Court's broad discretion, and the exercise of that discretion will not be lightly disturbed" (*Gitlin v Chirinkin*, 60 AD3d at 902; *see Ingrami v Rovner*, 45 AD3d 806, 808 [2007]). Here, the Supreme Court providently exercised its discretion in granting that branch of On Rite's motion which was for leave to amend its answer pursuant to CPLR 3025 (b) to assert a defense based on the applicable statute of limitations. The plaintiff failed to demonstrate that any prejudice or surprise would result from the proposed amendment and, contrary to the plaintiff's contentions, the proposed amendment was not palpably insufficient or patently devoid of merit.

Upon granting that branch of On Rite's motion which was for leave to amend its answer, the Supreme Court properly granted that branch of On Rite's motion which was to dismiss the complaint insofar as asserted against it as time-barred. The limitations period applicable to the causes of action sounding in negligence and strict products liability was the three-year limitations period set forth in CPLR 214-c. Given the nature of the

claims at issue, that the plaintiff sustained personal injuries caused by exposure to a substance or a combination of substances, these causes of action were to be commenced within three years of "the date of discovery of the injury by the plaintiff or from the date when through the exercise of reasonable diligence such injury should have been discovered by the plaintiff, whichever is earlier" (CPLR 214-c [2]). On Rite established that the plaintiff commenced this action more than three years after she began to "suffer the manifestations and symptoms of . . . her physical condition" (*Searle v City of New Rochelle*, 293 AD2d 735, 736 [2002]). Accordingly, the Supreme Court properly granted that branch of On Rite's motion which was to dismiss these causes of action insofar as asserted against it as time-barred. Moreover, "[i]n applying the statute of limitations, 'courts look to the "reality" or the "essence" of the action and not its form' " (*Pacio v Franklin Hosp.*, 63 AD3d 1130, 1132 [2009], quoting *Matter of Paver & Wildfoerster [Catholic High School Assn.]*, 38 NY2d 669, 674 [1976]). The plaintiff here cannot avoid the applicable three-year limitations period by asserting a cause of action to recover damages for fraud or fraudulent misrepresentation which, if colorable at all, was merely incidental to the claims based on negligence and strict products liability (*cf. Nickel v Goldsmith & Tortora, Attorneys at Law, P.C.*, 57 AD3d 496, 496-497 [2008]; *Ruffing v Union Carbide Corp.*, 308 AD2d 526, 527 [2003]; *New York Seven-Up Bottling Co. v Dow Chem. Co.*, 96 AD2d 1051, 1052-1053 [1983], *affd* 61 NY2d 828 [1984]).

The complaint also asserted a cause of action to recover damages for breach of express warranty. A four-year limitations period applies to such a cause of action (*see* UCC 2-725; *Weiss v Polymer Plastics Corp.*, 21 AD3d 1095, 1097-1098 [2005]). However, the Supreme Court nonetheless properly dismissed this cause of action, as the plaintiff was not a "buyer" or "immediate buyer" of the goods at issue and, thus, the provisions of Uniform Commercial Code § 2-313 were inapplicable.

The parties' remaining contentions are without merit. Mastro, J.P., Balkin, Dickerson and Lott, JJ., concur.