■ GARY M. PIKE et al., Respondents-Appellants, v NEW YORK LIFE INSURANCE COMPANY et al., Appellants-Respondents, and ALFONSO MENESES et al., Respondents. [901 NYS2d 76]—

In an action, inter alia, to recover damages for breach of contract, the defendants New York Life Insurance Company and New York Life Annuity Corporation appeal from so much of an order and judgment (one paper) of the Supreme Court, Suffolk County (Rebolini, J.), entered October 21, 2008, as denied their motion for leave to amend their answer to assert affirmative defenses based on, among other things, the applicable statutes of limitations and lack of standing, and to dismiss the complaint insofar as asserted against them, in effect, pursuant to CPLR 3211 (a) (3), (5) and (7), or in the alternative, for summary judgment dismissing the complaint insofar as asserted against them, and the plaintiffs cross-appeal from so much of the same order and judgment as, in effect, granted the motion of the de-

fendants Alfonso Meneses and Douglas W. Brown to dismiss the complaint insofar as asserted against them pursuant to CPLR 3211 (a) (1), (5), (7) and 3016 (b), with leave to replead only so much of the first cause of action as sought to recover damages against those defendants for breach of contract with respect to certain insurance policies numbered 57 219 142, 63 653 267, and 63 653 295, and dismissed the complaint insofar as asserted against those defendants with leave to replead.

Ordered that the order and judgment is modified, on the law, on the facts, and in the exercise of discretion, (1) by deleting the provision thereof denying that branch of the motion of the defendants New York Life Insurance Company and New York Life Annuity Corporation which was for leave to amend their answer to assert affirmative defenses based on, among other things, the applicable statutes of limitation and lack of standing, and substituting therefor a provision granting that branch of the motion, (2) by deleting the provision thereof denying that branch of the motion of the defendants New York Life Insurance Company and New York Life Annuity Corporation which was, in effect, pursuant to CPLR 3211 (a) (5) to dismiss so much of the complaint insofar as asserted against them as was premised upon insurance policies purchased in 1997 and 1999 as time-barred, and substituting therefor a provision granting that branch of the motion, (3) by deleting the provision thereof denying that branch of the motion of the defendants New York Life Insurance Company and New York Life Annuity Corporation which was, in effect, pursuant to CPLR 3211 (a) (5) to dismiss so much of the fourth, sixth, and seventh causes of action insofar as asserted against them as were premised upon insurance policies purchased in 2000 as time-barred, and substituting therefor a provision granting that branch of the motion, (4) by deleting the provision thereof denying that branch of the motion of the defendants New York Life Insurance Company and New York Life Annuity Corporation which was, in effect, pursuant to CPLR 3211 (a) (3) to dismiss so much of the first, second, third, and fifth causes of action insofar as asserted against them as were premised on certain insurance policies numbered 63 652 948, 63 653 120, 63 652 972, and 63 658 547 for lack of standing, and substituting therefor a provision granting that branch of the motion, (5) by deleting the provision thereof denying that branch of the motion of the defendants New York Life Insurance Company and New York Life Annuity Corporation which was, in effect, pursuant to CPLR 3211 (a) (7) to dismiss so much of the first and fifth causes of action insofar as asserted against them as were premised on certain insurance policies numbered 57 219 142, 63 653 267, and 63 653 295 for

failure to state a cause of action, and substituting therefor a provision granting that branch of the motion, and (6) by deleting the provisions thereof granting those branches of the motion of the defendants Alfonso Meneses and Douglas W. Brown which were pursuant to CPLR 3211 (a) (7) and 3016 (b) to dismiss so much of the second and third causes of action insofar as asserted against Douglas W. Brown as were premised upon certain insurance policies numbered 57 219 142, 63 653 267, and 63 653 295 and dismissing that portion of the complaint, and substituting therefor a provision denying that branch of the motion; as so modified, the order and judgment is affirmed insofar as appealed and cross-appealed from, without costs or disbursements.

Between 1997 and 2002, the plaintiffs, Gary M. Pike, Kelly Ann Pike, and their four minor children, purchased 14 policies, including life insurance policies and variable annuities, from the defendants New York Life Insurance Company (hereinafter NY Life) and New York Life Insurance and Annuity Corporation (hereinafter NYIAC). Six of the policies were purchased in 1997, one in 1999, and the remaining seven in 2000. The plaintiffs purchased all of the policies through the defendant Douglas W. Brown, a servicing agent with NY Life and NYIAC (hereinafter together the defendant companies). The defendant Alfonso Meneses became the servicing agent on the policies in 2002 when Brown left the companies.

In May 2006 the plaintiffs brought this action against all of the defendants asserting causes of action sounding in breach of contract (first), fraudulent misrepresentation (second), fraudulent inducement (third), suitability (fourth), breach of fiduciary duty (fifth), breach of General Business Law § 349 (sixth), and breach of the Insurance Law (seventh). The gravamen of the complaint was that Brown induced them to purchase multiple policies which were unsuitable for their needs and which they could not reasonably afford.

The defendant companies answered, asserting general denials. The parties engaged in settlement negotiations, and when the negotiations failed, Brown and Meneses submitted a pre-answer motion to dismiss the complaint insofar as asserted against them, based on the statute of limitations, failure to state a cause of action (CPLR 3211 [a] [7]), and failure to plead the fraud causes of action with specificity (CPLR 3016 [b]). Thereafter, the defendant companies moved, inter alia, for leave to amend their answer to assert affirmative defenses based on, among other things, the statute of limitations and lack of standing; and to dismiss the complaint insofar as asserted against

them, in effect pursuant to CPLR 3211 (a) (3), (5) and (7). The plaintiffs opposed both motions.

In an order and interlocutory judgment entered October 21, 2008, the Supreme Court denied the motion of the defendant companies in its entirety, dismissed the first cause of action (breach of contract) insofar as asserted against Brown and Meneses, with leave to replead as to certain policy numbers, and dismissed the plaintiffs' remaining claims against Brown and Meneses.

With respect to the defendant companies' appeal, the Supreme Court improvidently exercised its discretion in denying that branch of their motion with was for leave to amend their answer to assert affirmative defenses. Permission to amend a pleading should be "freely given" (CPLR 3025 [b]). As a general rule, leave to amend a pleading should be granted where there is no significant prejudice or surprise to the opposing party and where the documentary evidence submitted in support of the motion indicates that the proposed amendment may have merit (*see Edenwald Contr. Co. v City of New York*, 60 NY2d 957, 959 [1983]; *Ingrami v Rovner*, 45 AD3d 806 [2007]; *Sayers v Albicocco*, 298 AD2d 572, 573 [2002]; *Travelers Prop. Cas. v Powell*, 289 AD2d 564, 565 [2001]). Here, the defendant companies' proposed affirmative defenses may have merit, and the plaintiff failed to show surprise or prejudice resulting from their delay in asserting the affirmative defenses (*see Edenwald Contr. Co. v City of New York*, 60 NY2d at 959; *McCaskey, Davies & Assoc. v New York City Health & Hosps. Corp.*, 59 NY2d 755, 757 [1983]; *Frumento v On Rite Co., Inc.*, 66 AD3d 828 [2009]; *Ingrami v Rovner*, 45 AD3d 806 [2007]; *Mackenzie v Croce*, 54 AD3d 825 [2008]).

Next, based upon the defendant companies' proposed affirmative defenses (*see e.g. Frumento v On Rite Co., Inc.*, 66 AD3d 828 [2009]), all of the causes of action with respect to the six policies purchased in 1997 and the one purchased in 1999 should have been dismissed as time-barred insofar as asserted against them. The plaintiffs brought this action in May 2006. Their causes of action sounding in breach of contract, fraudulent misrepresentation, and fraudulent inducement are all governed by a six-year statute of limitations (*see* CPLR 213 [2], [8]), as was their breach of fiduciary duty cause of action, which was based on allegations of fraud (*see* CPLR 213 [8]; *Klein v Gutman*, 12 AD3d 417, 419 [2004]; *Kaufman v Cohen*, 307 AD2d 113 [2003]). The plaintiffs' breach of General Business Law § 349 and breach of the Insurance Law causes of action are both governed by a three-year statute of limitations (*see* CPLR 214 [2]; *Gaidon v*

*Guardian Life Ins. Co. of Am.*, 96 NY2d 201, 208 [2001]; *Dolce v Northwestern Mut. Life Ins. Co.*, 272 AD2d 432 [2000]), and their fourth cause of action, alleging that the subject policies were unsuitable for their needs, was properly treated by the court as an attempt to state a claim under 28 USC § 1658 (b), the Sarbanes-Oxley Act, which is governed by a statute of limitations of two years after the discovery of the facts constituting the violation, or five years after the violation. Therefore, all the causes of action asserted herein are governed by either two, three, five, or six year limitation periods. Since the latest of the 1997 and 1999 policies was purchased in February 1999, all the causes of action relating to them are time-barred even under the longest statute of limitations applicable to any of the causes of action. Accordingly, the Supreme Court should have dismissed all the causes of action based on the policies purchased in 1997 and 1999 insofar as asserted against the defendant companies.

Further, with respect to the seven policies purchased in 2000, the fourth, sixth and seventh causes of action, to recover damages for "unsuitability," violations of General Business Law § 349, and violations of the Insurance Law respectively, carry statutes of limitation of less than six years and are therefore also time-barred (*see* 28 USC § 1658 [b]; CPLR 214 [2]; *Gaidon v Guardian Life Ins. Co. of Am.*, 96 NY2d at 208; *Dolce v Northwestern Mut. Life Ins. Co.*, 272 AD2d 432 [2000]).

Contrary to the plaintiffs' contention, the continuing wrong doctrine does not apply to toll the statutes of limitation herein. Although the plaintiffs allege that they were induced to purchase unsuitable policies, and that they were unaware that they would have to pay "substantial" premiums, they do not point to any specific wrong that occurred each time they paid a premium, other than having to pay it. Thus, any wrong accrued at the time of purchase of the policies, not at the time of payment of each premium (*cf. Harvey v Metropolitan Life Ins. Co.*, 34 AD3d 364 [2006]; *Beller v William Penn Life Ins. Co. of N.Y.*, 8 AD3d 310, 314 [2004]).

Similarly, the plaintiffs' contention that the continuous representation doctrine should have tolled the statutes of limitation on their causes of action is without merit. Insurance brokers are not considered "professionals" for statute of limitations purposes, and therefore this doctrine is inapplicable to them (*Chase Scientific Research v NIA Group*, 96 NY2d 20, 30 [2001]; *see Eastman Kodak Co. v Prometheus Funding Corp.*, 283 AD2d 216, 217 [2001]; *see also Manes Org. v Meadowbrook-Richman, Inc.*, 2 AD3d 292, 293 [2003]).

The remaining causes of action alleging breach of contract,

fraudulent misrepresentation, fraudulent inducement, and breach of fiduciary duty, premised on the seven policies purchased in 2000, should have been dismissed insofar as premised on policy numbers 63 652 948, 63 653 120, 63 652 972, 63 658 547, for lack of standing. Those policies were owned by Kathleen Pike, a nonparty. Only the policy owner has standing to sue based on an insurance policy (*see e.g. Berardino v Ochlan*, 2 AD3d 556 [2003]; *Heslin v Metropolitan Life Ins. Co.*, 287 AD2d 113, 114 n 1 [2001]; *see also Gaidon v Guardian Life Ins. Co. of Am.*, 272 AD2d 60 [2000], *affd* 96 NY2d 201 [2001]). The plaintiffs argue that they had standing to sue based on these policies because Kathleen Pike was a custodian of the policies for the minor children plaintiffs under the Uniform Transfers to Minors Act (hereinafter UTMA), and, pursuant to that statute, the property was "indefeasibly vested in the minor" (EPTL 7-6.11 [b]). This contention is without merit. EPTL 7-6.11 (b) states that "the custodian has all the rights, powers, duties, and authority provided in this part, and neither the minor nor the minor's legal representative has any right, power, duty, or authority with respect to the custodial property except as provided in this part." Accordingly, the minor plaintiffs had no standing under UTMA to bring suit based on these policies.

With respect to the remaining three policy numbers, the Supreme Court should have dismissed the plaintiffs' first cause of action to recover damages for breach of contract insofar as asserted against the defendant companies pursuant to CPLR 3211 (a) (7). Upon a motion to dismiss for failure to state a cause of action, a pleading must be given the benefit of every possible favorable inference to be drawn, and every fact alleged must be assumed to be true (*see Maurillo v Park Slope U-Haul*, 194 AD2d 142, 145 [1993]). Additionally, "a court may freely consider affidavits submitted by the plaintiff to remedy any defects in the complaint" (*Well v Yeshiva Rambam*, 300 AD2d 580, 580 [2002]; *see Rovello v Orofino Realty Co.*, 40 NY2d 633, 635-636 [1976]). Therefore, in addition to the allegations asserted in the complaint, the facts alleged in Gary M. Pike's affidavit submitted in opposition to the defendants' motions must also be assumed to be true and considered in determining the motions.

Here, the plaintiffs did not, in either the complaint or the affidavit, point to any provisions of any agreement with the defendant companies that were breached. Contrary to their contention, a cause of action based on a breach of the implied covenant of good faith cannot be sustained where the plaintiff

fails to plead that the defendant "injured [his or her] right to receive the benefits of [the] agreement" (*EBC I, Inc. v Goldman, Sachs & Co.*, 5 NY3d 11, 22 [2005]). Here, the plaintiffs alleged that they were induced to purchase "unsuitable" policies. They did not allege that any of the defendants injured their right to receive the benefits of the policies or of any agreement between the defendants and the plaintiffs for the purchase of insurance (*id.*). Thus, their breach of contract claim should have dismissed insofar as asserted against the defendant companies for failure to state a cause of action.

The Supreme Court also should have dismissed the fifth cause of action, to recover damages for breach of fiduciary duty, premised on policy numbers 57 219 142, 63 653 267, and 63 653 295, insofar as asserted against the defendant companies. The plaintiffs did not allege facts sufficient to demonstrate that the defendants created a special relationship between themselves and the Pikes, and therefore failed to sustain their breach of fiduciary duty cause of action (*cf. Lynch v McQueen*, 309 AD2d 790, 790-791 [2003]).

Additionally, although CPLR 3016 (b) requires that the circumstances constituting fraud claims "shall be stated in detail," "[t]his provision requires only that the misconduct complained of be set forth in sufficient detail to clearly inform a defendant with respect to the incidents complained of and is not to be interpreted so strictly as to prevent an otherwise valid cause of action in situations where it may be impossible to state in detail the circumstances constituting a fraud" (*Lanzi v Brooks*, 43 NY2d 778, 780 [1977] [internal quotation marks omitted]). Here, the plaintiffs, in their complaint and as supplemented by Gary M. Pike's affidavit, described the misrepresentations and omissions in sufficient detail "to clearly inform [the defendants] with respect to the incidents complained of" (*id.* at 780). Accordingly, the plaintiffs' second and third causes of action to recover damages for fraudulent misrepresentation and fraudulent inducement respectively, were pleaded with sufficient specificity to survive CPLR 3016 (b) (*see Lynch v McQueen*, 309 AD2d at 792).

The defendant companies also asserted the defenses of voluntary payment and waiver. However, neither defense is applicable herein. The "voluntary payment doctrine bars recovery of payments made with full knowledge of the facts" (*Dillon v U-A Columbia Cablevision of Westchester*, 292 AD2d 25, 27 [2002], *affd* 100 NY2d 525 [2003]; *see Westfall v Chase Lincoln First Bank*, 258 AD2d 299, 300 [1999]). However, this doctrine only bars recovery of payments made "in the absence of fraud" (*Lonner v*

*Simon Prop. Group, Inc.*, 57 AD3d 100, 109 [2008] [internal quotation marks omitted]; *see Morales v Copy Right, Inc.*, 28 AD3d 440, 441 [2006]). Here, the plaintiffs' second and third causes of action are based in part on allegations that the defendants fraudulently induced the plaintiffs to purchase the policies, and misrepresented the policies as good investments. Thus, the voluntary payment doctrine does not bar these causes of action.

The defendant companies asserted the defense of waiver with respect to policy number 57 219 142 only. On December 13, 2006, Kelly Ann Pike assigned this policy to AXA Equitable Life Insurance Company. While the language in the assignment states that she "understand[s] that by executing this assignment, I irrevocably waive all rights, claims and demands under the Original Certificate/Contract," "a written waiver in any form cannot operate to shield a party from his own fraud" (*Sterling Natl. Bank & Trust Co. of N.Y. v Giannetti*, 53 AD2d 533 [1976]; *see European Am. Bank v Mr. Wemmick, Ltd.*, 160 AD2d 905, 907 [1990]). Therefore, contrary to the defendant companies' contention, the language contained in the assignment document does not bar the second and third causes of action.

Accordingly, the plaintiffs' second and third causes of action, as premised on policy numbers 57 219 142, 63 653 267, and 63 653 295, remain, insofar as asserted against the defendant companies.

Turning to the plaintiffs' cross appeal, for the reasons set forth above, the Supreme Court properly dismissed all of the causes of action premised on the 1997 and 1999 policies as time-barred, properly dismissed the fourth, sixth, and seventh causes of action, alleging "unsuitability," violations of General Business Law § 349, and violations of the Insurance Law, respectively, premised on the 2000 policies, as time-barred, properly dismissed all causes of action premised on the policies owned by Kathleen Pike (policy numbers 63 652 948, 63 653 120, 63 652 972, and 63 658 547), for lack of standing, and properly dismissed the first and fifth causes of action, to recover damages for breach of contract and breach of fiduciary duty, respectively, based on CPLR 3211 (a) (7), all insofar as asserted against Brown and Meneses.

Moreover, the Supreme Court properly dismissed all of the causes of action insofar as asserted against Meneses. The documentary evidence shows that Meneses became the Pikes' servicing agent in March 2002, long after the purchase of the last policy at issue. The plaintiffs have alleged no facts, either in

their complaint or their affidavit, which support any of the causes of action against Meneses (*see* CPLR 3211 [a] [1], [7]).

However, for the reasons set forth above, the Supreme Court erred in dismissing the second and third causes of action, to recover damages for fraudulent misrepresentation and fraudulent inducement, respectively, premised on policy numbers 57 219 142, 63 653 267, and 63 653 295, insofar as asserted against Brown.

The remaining contentions of the plaintiffs and the defendant companies are without merit or have been rendered academic by this determination. Dillon, J.P., Miller, Eng and Roman, JJ., concur.