19-87-cv
Brettler v. Allianz Life Ins. Co. of N. Am.

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated Term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York on the 9th day of April, two thousand twenty-one.

Present:     ROSEMARY S. POOLER,
             RAYMOND J. LOHIER, JR.,
                 *Circuit Judges*.[1]

---

HERMAN BRETTLER, TRUSTEE OF THE ZUPNICK
FAMILY TRUST 2008 A,

                    *Plaintiff-Appellant*,

          v.                                                    19-87-cv

ALLIANZ LIFE INSURANCE COMPANY OF NORTH
AMERICA,

                    *Defendant-Appellee*.[2]

---

Appearing for Appellant:     David Benhaim, Lipsius-Benhaim Law LLP (Ira S. Lipsius, *on the brief*), Kew Gardens, N.Y.

---

[1] Senior Circuit Judge Peter W. Hall, originally a member of the panel, passed away on March 11, 2021. The two remaining members of the panel, who are in agreement, have determined to issue this summary order. *See* 2d Cir. IOP E(b).

[2] The Clerk of Court is directed to amend the caption as above.

Appearing for Appellee:        Roland C. Goss, Faegre Drinker Biddle & Reath LLP,
                               Washington, D.C.


        Appeal from the United States District Court for the Eastern District of New York
(Vitaliano, *J.*).

        **ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that this matter hereby is **REMANDED** for further proceedings consistent with this order.

        Herman Brettler, in his capacity as trustee of the Zupnick Family Trust 2008 A (the "Trust"), appeals from a judgment of the United States District Court for the Eastern District of New York (Vitaliano, *J.*) dismissing, for lack of contractual standing, Brettler's action for a declaratory judgment that a life insurance policy issued by Allianz Life Insurance Company of North America remains in effect. We assume the parties' familiarity with the underlying facts, procedural history, and specification of issues for review.

        The following facts are drawn from the allegations in the complaint, which we accept as true when determining the sufficiency of a claim for Rule 12(b)(6) purposes, *see Nicosia v. Amazon.com, Inc.*, 834 F.3d 220, 230 (2d Cir. 2016), as well as from documents attached to the complaint as an exhibit, incorporated in it by reference, or of which Brettler had knowledge of and relied on in bringing suit, *see Chambers v. Time Warner, Inc.*, 282 F.3d 147, 153 (2d Cir. 2002).

        On April 7, 2008, Allianz issued a life insurance policy with a value of $8,000,000 on the life of Dora Zupnick to the Trust (the "Policy"). The Policy contains the following assignment provision:

> You may assign or transfer all or specific ownership rights of this policy. An assignment will be effective upon Notice. We will record your assignment. We will not be responsible for its validity or effect, nor will we be liable for actions taken on payments made before we receive and record the assignment.

App'x at 64. "Notice" is defined in the Policy as "[o]ur receipt of a satisfactory written request." App'x at 54. Nowhere in the Policy is the term "satisfactory written request" defined. The owner of the Policy is "solely entitled to exercise all rights of th[e] [P]olicy until the death of the Insured." *Id.*

        In April 2012, the Trust purportedly assigned the Policy to Miryam Muschel. Pursuant to the Policy's assignment provision, on May 24, 2012, Allianz received written notice that the Trust had assigned ownership of the Policy to Muschel. On May 4, 2013, Allianz sent Muschel a grace period notice stating $117,810.90 in premium payments on the Policy was due to Allianz by June 8, 2013, the end of the grace period. On June 7, 2013, the Trust sent Allianz a check for the amount due, to be drawn on an account at Chase Bank. On June 25, 2013, however, Allianz informed the Trust that Chase Bank did not honor the check. Chase Bank subsequently notified

2

Allianz "that the check should have been honored and that the failure to honor the check was a bank error," App'x at 8, and that the Trust would reissue the payment. Nevertheless, Allianz "consider[ed] the Policy lapsed and without effect for failure to pay premiums." App'x at 8. On May 24, 2016, Muschel and the Trust executed an agreement under which Muschel purportedly assigned the Policy back to the Trust. Allianz did not receive written notice of the purported assignment until Brettler filed his complaint in this action.

On September 19, 2016, in his capacity as trustee of the Trust, Brettler filed suit against Allianz in New York Supreme Court, Kings County, seeking a declaratory judgment that the Policy "is in full force and effect." App'x at 12. The complaint alleged that the Trust was the owner and beneficiary of the Policy. It asserted that although Allianz "consider[ed] the Policy lapsed and without effect for failure to pay premiums," App'x at 8, the Policy nevertheless was in effect because, inter alia, "[t]here were no premium payments outstanding" and "[t]he Policy was paid in full when Allianz declared the Policy lapsed," App'x at 9. On December 12, 2016, Allianz removed the action to federal court. Allianz then moved to dismiss the action on several grounds, including, as relevant here, that (1) the Trust did not own the Policy and thus lacked standing to sue, depriving the district court of subject matter jurisdiction; (2) Brettler failed to state a plausible claim for relief under Federal Rule of Civil Procedure 12(b)(6); and (3) the action was time-barred under New York's statute of limitations.

The district court granted Allianz's motion to dismiss on December 6, 2018. The district court held that Brettler lacked contractual standing "because, under New York law, only the policy owner has standing to sue based on an insurance policy." [3] App'x at 227 (quotation marks and alteration omitted) (citing *Pike v. N.Y. Life Ins. Co.*, 901 N.Y.S.2d 76, 82 (2d Dep't 2010)). When the action commenced, "the Trust did not own the policy," *id.* at 229, because the Trust never provided Allianz with written notice of Muschel's purported assignment of the Policy to the Trust pursuant to the Policy's assignment provision, rendering the assignment ineffective.

Brettler argues that the district court erred in finding that the Trust was not the owner of the Policy when the complaint was filed and that the Trust lacked contractual standing. Allianz maintains that the purported assignment of the Policy to the Trust was not effective because the Trust did not provide Allianz with written notice of the assignment. Both parties agree that the Policy's assignment provision does not bar assignments. With respect to whether Muschel's purported assignment of the Policy to the Trust was effective, Allianz's position is inconsistent. Allianz argues that "a change of ownership is not effective unless and until Allianz is notified of the change in writing," Appellee's Br. at 19, but it also asserts that "the assignment provision of the Policy does not purport to prevent or invalidate an assignment of which Allianz is not notified," *id.* at 17. Although these statements are at odds with each other, our understanding of Allianz's argument is that "unless Allianz is notified of the assignment, the assignment is not effective with respect to and does not affect Allianz." *Id.* In other words, Allianz does not challenge the validity of Muschel's purported assignment of the Policy to the Trust; rather, it asserts that the purported assignment has no binding legal effect on it until it receives written notice.

---

[3] Neither party disputes the district court's determination—which is correct, in our view—that New York law applies to the instant case. *See Fireman's Fund Ins. Co. v. Great Am. Ins. Co. of N.Y.*, 822 F.3d 620, 641–42 (2d Cir. 2016).

Allianz's assertion that failure to comply with a provision in a life insurance policy requiring written notice of an assignment renders the assignment ineffective is likely a question best answered by the New York Court of Appeals since there is no binding precedent on the issue. *See CIT Bank N.A. v. Schiffman*, 948 F.3d 529, 537 (2d Cir. 2020); *see also* N.Y. Comp. Codes R. & Regs. tit. 22, § 500.27(a); LR 27.2(a). However, there are a number of issues, understandably left unresolved by the district court, that may dispose of this matter without the need for certification. We wish to avoid resolving this matter based on an unsettled area of state law unless necessary. We thus remand to the district court to consider, in the first instance, whether: (1) this action is time-barred under New York Insurance Law § 3211(d) and New York Civil Practice Law and Rules § 214(2); and (2) the lapsed Policy was assignable on May 24, 2016, or whether Muschel lacked an assignable interest at that point given that Allianz terminated the Policy on June 8, 2013.

Because the district court's resolution of these issues may require that we certify the contractual standing question to the New York Court of Appeals, our remand is pursuant to *United States v. Jacobson*, 15 F.3d 19, 22 (2d Cir. 1994). Once the district court addresses the issues raised in this order, either party may restore jurisdiction to this Court by notifying the Clerk of this Court by letter within 21 days of the district court's opinion, and the returned appeal will be assigned to this panel. No additional notice of appeal is necessary. Accordingly, the judgment of the district court hereby is REMANDED for further proceedings consistent with this order.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

4